**ONE 1968 BUICK, 4 DOOR, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 50A04–9305–CV–166.

Court of Appeals of Indiana, Fourth District.

Aug. 24, 1994.

Tom A. Black, Plymouth, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Senior Judge.

## STATEMENT OF THE CASE

One 1968 Buick appeals its forfeiture. We reverse.

## ISSUES

I. Did the trial court correctly interpret the seizure of property statute [1] as applying at the time of the crime?

II. Was there insufficient evidence to support the forfeiture?

## FACTS

On November 19, 1992, the State filed a Complaint for Forfeiture [2] against a 1968 Buick, 4–Door. The complaint alleged that Stephen Armstrong had used the vehicle to transport marijuana on or about February 25 and 28, and March 25, 1992. The complaint further alleged that the Indiana Bureau of Motor Vehicles records showed that Armstrong was the owner of the car.[3]

At trial, the parties stipulated that Armstrong had been charged with both dealing

---

1. Ind.Code 34–4–30.1–4.

2. Ind.Code 34–4–30.1–3.

3. The complaint alleged that "[t]he records of the Indiana Bureau of Motor Vehicles show the owner of the above described vehicle to be Stephen Armstrong." Complaint, Paragraph 4. However, the vehicle's Certificate of Title indicates that

and possession of marijuana, and that he had transported marijuana in the Buick on March 25, 1992. In addition, the parties stipulated that Armstrong was the owner of the Buick at that time. Armstrong then testified that he sold the Buick to his brother, Brian Armstrong, on Tuesday, September 14, 1992.[4] Armstrong stated that the brothers decided to exchange cars because Armstrong needed a car with better gas mileage and his brother wanted the Buick. Armstrong gave his brother the Buick in exchange for a 1980 Monza and $100.00.

Armstrong signed over the title of the Buick to Brian Tuesday evening, and Armstrong left the Buick in Brian's possession, and drove home in the Monza. A few days after the transaction, the Monza developed mechanical problems, and Armstrong took it back to Brian and asked him to repair it. Brian agreed to let Armstrong drive the Buick to work while Brian repaired the Monza. Brian planned to repair the Monza that weekend after he had gotten paid, and then the brothers planned to exchange cars.

On Thursday, September 17, 1992, Armstrong was arrested at work for the March 1992 incident, and the Buick was seized pursuant to the seizure of property statute.[5] Following the seizure, Brian continued to drive the Monza because it was his only means of transportation, and Armstrong had been able to borrow a car from a friend. Brian remained the titled owner of the Monza and told Armstrong that he would sign the title of the Monza over to Armstrong when he got the Buick back.

At trial, Jason Hansen, a family friend, testified that he saw Armstrong sign the title of the Buick over to Brian in exchange for $100.00 and the Monza. In addition, Brian

testified that he did not know that the Buick had been used to transport marijuana.

In its amended order, the trial court made the following findings:

1. The parties stipulate as follows:

a. Stephen Armstrong is charged in Marshall Superior Court No. 2 in Cause No. 50D02–9209–CM–690 with dealing marijuana and possession of marijuana as Class A misdemeanors.

b. On March 25, 1992, Stephen Armstrong delivered marijuana to an individual while in Bremen, Marshall County, Indiana.

c. The marijuana had been transported to the place of delivery in Bremen, Indiana, in the 1968 Buick automobile, VIN 454698H384880.

d. The registered owner on March 25, 1992 was Stephen Armstrong.

2. On or about September 14, 1992, Stephen Armstrong sold or exchanged the Buick automobile to his brother, Brian Armstrong, and the Bureau of Motor Vehicles issued a certificate of title on September 24, 1992 to Brian Armstrong.

3. On November 19, 1992, the State of Indiana filed its complaint for forfeiture in this cause alleging, among other things, that the vehicle was seized on September 17, 1992.

4. The stipulations of the parties provide that the vehicle was used for the transportation of a controlled substance in violation of Ind.Code 34–4–30.1–1 and at that time was owned by Stephen Armstrong, and therefore, the State had the right at the time that it seized the motor vehicle to do so, even though allegedly there had been a

---

Armstrong's brother, Brian, purchased the vehicle on September 15, 1992, and the Certificate of Title listing Brian as the owner was issued on September 24, 1992. Defendant's Exhibit A. Thus, at the time that the complaint was filed, Stephen Armstrong could not have been listed as the Buick's owner in the Indiana Bureau of Motor Vehicles.

4. The Certificate of Title indicates that Brian purchased the vehicle on September 15, 1992. Defendant's exhibit A. However, at trial, Brian testified that the sale took place on the evening of September 14, 1992 and the brothers dated the sale as September 15, 1992.

5. Ind.Code 34–4–30.1–2.

transfer of ownership two days before and the certificate of title was transferred one week after the seizure.

5. The Court issued an original order dated January 13, 1993, and it has been informed that this is not in compliance with the requirements of the Bureau of Motor Vehicles which desires a specific provision of the order directing the Bureau of Motor Vehicles to transfer the title to the 1968 Buick to the Marshall County Sheriff's Department.

The trial court issued the following orders:

A. Judgment is entered in favor of the State of Indiana and against the Defendant.

B. The 1968 motor vehicle shall be delivered to the Marshall County Sheriff's Department and it be permitted to make use of the vehicle for a period not to exceed three years.

C. At the end of the three years the motor vehicle shall be offered for public sale by the Sheriff of Marshall County.

D. The Indiana Bureau of Motor Vehicles shall transfer title of the 1968 Buick, VIN 454698H384880 to the Marshall County Sheriff's Department.

The Buick claims the evidence was insufficient to support the forfeiture. We agree and reverse.

### *DECISION*

## I. STATUTORY INTERPRETATION

 A preliminary issue which we raise *sua sponte* is one of statutory interpretation. The interpretation of a statute is a question of law to be decided by this court. *Joseph v. Lake Ridge School Corp.* (1991), Ind.App., 580 N.E.2d 316, 319, *reh'g. denied, trans. denied.* The threshold inquiry in issues of statutory interpretation is whether the statute is ambiguous. *Id.* If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Avco Financial Services v. Metro Holding* (1990), Ind.App., 563 N.E.2d 1323, 1328, *reh'g. denied.* However, when the language is reasonably susceptible to more than one construction, we must construe the statute to determine the apparent legislative intent. *Id.*

The statute at issue in this case is Ind. Code 34-4-30.1-4(a) which states:

At the hearing, the prosecuting attorney must show by a preponderance of the evidence that the property was within the definition of the property subject to seizure under section 1 of this chapter. If the property seized was a vehicle the prosecuting attorney must also show by a preponderance of the evidence that *a person who has an ownership interest of record in the bureau of motor vehicles* knew or had reason to know that the vehicle was being used in the commission of the offense. (emphasis added).

This statute is susceptible to more than one construction as evidenced by the various ways that the Buick, the State, and the trial court interpreted it. On appeal, the Buick interpreted the statute as applying at the time that the complaint was filed,[6] and the State interpreted the statute as applying at the time of the vehicle's seizure.[7] Without making specific reference to the issue, the trial court interpreted the statute as applying

6. The Buick's brief states as follows:

"At the time of the Complaint, the record owner, according to the title records of the Bureau of Motor Vehicles, was Brian Armstrong. (R. 9). The State was required to show, by a preponderance [sic] of the evidence, that the record owner Brian Armstrong, had knowledge or reason to know that the vehicle was being used in the drug transaction in March of 1992 (I.C. 34-4-30.1-4)." Buick's brief, p. 8.

7. The State's brief states as follows:

"IND.CODE 34-4-30.1-4 provides that the State has the burden of proving by a preponderance of the evidence that the owner of the car at the time of seizure knew or had reason to know that the vehicle was used in the commission of the offense." State's brief, p. 3.

at the time of the commission of the crime.[8] However, we are not bound by the trial court's interpretation. *Indiana State Prison v. Simchak* (1993), Ind.App., 615 N.E.2d 112, 114, *trans. denied.* Instead, we must make an independent legal determination as to the statute's meaning and its application to the facts of the case before us. *Id.*

■ First, our seizure of property statute provides the State with a quick procedure which is both broad in scope and profitable to the State. *Caudill v. State* (1993), Ind.App., 613 N.E.2d 433, 436. In addition, the State needs only to prove its case by a preponderance of the evidence. We have previously noted that the "flip side is the harsh consequences to the defendant, who can have his property taken from him in a *quasi-criminal* setting without the usual panoply of constitutional rules of criminal procedure afforded to criminal defendants." *Id.* at 437. Therefore, the seizure of property statute should be narrowly construed.

■ Second, we must view the statute within the context of the entire act rather than in isolation. *Avco Financial Services, supra.* Ind.Code 34-4-30.1-4(e) states:

If property that is seized under this chapter is transferred:

(1) After its seizure, but before an action is filed under section 3 [IC 34-4-30.1-3] of this chapter; or

(2) When an action filed under section 3 of this chapter is pending;

the person to whom the property is transferred must establish an ownership interest of record as a bona fide purchaser for value. A person is a bona fide purchaser for value under this section if the person, at the time of the transfer, did not have reasonable cause to believe that the property was subject to forfeiture under this chapter.

Thus, I.C. 34-4-30.1-4(e) contemplates that *seized* property can be transferred validly before a forfeiture complaint is filed or while a forfeiture action is pending. The statute would be inconsistent if we construed Ind.Code 34-4-30.1-4(a) as applying at the time of the crime. Under this interpretation, property could not be transferred validly prior to a seizure under Ind.Code 34-4-30.1-4(a); however, it could be transferred validly after it was seized under I.C. 34-4-30.1-4(e).

In addition, Ind.Code 34-4-30.1-5 states in pertinent part:

(a) If:

(1) The court has entered judgment in favor of the state, and a unit (if appropriate), concerning property that is subject to seizure under this chapter; and

(2) A person:

(A) Holding a valid lien, mortgage, security interest, or interest under a conditional sales contract; or

(B) Who is a co-owner of the property; did not know of the illegal use;

the court shall determine whether the secured party or the co-owner's interest is equal to or in excess of the appraised value of the property.

\* \* \* \* \* \*

(c) If the amount:

(1) Due the secured party; or

(2) Of the co-owner's interest;

is equal to or greater than the appraised value of the property, the court shall order the property released to the secured party or co-owner.

Because I.C. 34-4-30.1-5 provides protection for valid lienholders, mortgagees, security interest holders and innocent co-owners, it would be inconsistent for us to find that the

---

8. The trial court's order states as follows:
 "[T]he vehicle was used for the transportation of a controlled substance ... and *at that time* was owned by Stephen Armstrong, and therefore, the State had the right at the time that it seized the motor vehicle to do so, even though allegedly there had been a transfer of ownership two days before...." Trial Court's Amended Order Paragraph 4.

statute provides no protection for good faith purchasers for value.

■ Finally, where a statute is reasonably susceptible to more than one interpretation, we must consider the consequences of a particular construction. *P.B. v. T.D.* (1990), Ind., 561 N.E.2d 749, 750. If the statute is interpreted to apply at the time of the commission of the crime, a subsequent good faith purchaser for value would have no protection in a forfeiture proceeding. As the Buick points out, such an interpretation would be contrary to the Uniform Commercial Code which provides certain protections for good faith purchasers for value.[9]

An analysis of our seizure of property statute reveals that our legislature intended for the statute to be applied at the time of the vehicle's seizure. As a result, the prosecuting attorney must show by a preponderance of the evidence that a person who has an ownership interest of record in the bureau of motor vehicles at the time that a vehicle is seized knew or had reason to know that the vehicle had been used in the commission of an offense.

## II. SUFFICIENCY OF THE EVIDENCE

We now proceed to address the Buick's argument that there was insufficient evidence to support the forfeiture because the prosecutor failed to meet his burden of proof pursuant to Ind.Code 34–4–30.1–4.

■ We have previously held that a forfeiture action is a civil action. *Caudill, supra.* In reviewing the sufficiency of the evidence in a civil case, we will decide whether there is substantial evidence of probative value supporting the trial court's judgment. *Martin v. Roberts* (1984), Ind., 464 N.E.2d 896, 904. We neither weigh the evidence nor judge the credibility of witnesses but consider only the evidence most favorable to the judgment along with all reasonable inferences to be drawn therefrom. *Id.* Only if there is a lack of evidence or evidence from which a reasonable inference can be drawn on an essential element of the plaintiff's claim will we reverse a trial court. *Id.*

■ The vehicle was seized on September 17, 1992. At that time, Brian had an ownership interest of record in the bureau of motor vehicles. Thus, the prosecutor had the burden of showing by a preponderance of the evidence that Brian knew or had reason to know that the vehicle was used in the commission of a crime on March 25, 1992.

First, the State argues that the evidence most favorable to the judgment reveals that the transaction between Armstrong and Brian was incomplete because title to the Monza never was transferred to Stephen. We disagree. The title to the Buick was transferred to Brian, and that is the vehicle with which we are dealing. Further, the trial court found that the Buick was sold or exchanged to Brian.

Second, the State argues that the forfeiture can be upheld on the basis that the transfer to Brian was a sham. The State presented no evidence to support this contention and did not raise this argument at trial, and the law is well-settled that a party may not raise an issue on appeal that was not presented first to the trial court. *Blairex Laboratories, Inc. v. Clobes* (1992), Ind.App., 599 N.E.2d 233, 236, *trans. denied.* In addition, this argument conflicts with the trial court's specific findings that Armstrong sold or exchanged the Buick to Brian, and the Bureau of Motor Vehicles issued a certificate of title to Brian, and the evidence supports this finding.

Third, the State argues that even if Brian was the Buick's owner at the time of the seizure, the forfeiture action was proper because Brian knew or should have known that Armstrong used the Buick to transport marijuana. We disagree. There is no evidence in the record that Brian knew the Buick had been used to transport marijuana. The State's argument to the contrary is purely speculative.

9. *See* Ind.Code 26–1–2–401, 402, and 403.

Reversed and remanded with instructions to release the Buick to its owner—Brian Armstrong.

RILEY and GARRARD, JJ., concur.