Thomas L. DREILING, Appellant–
Plaintiff,

v.

CUSTOM BUILDERS, Appellee–
Defendant.

No. 93A02–0104–EX–212.

Court of Appeals of Indiana.

Oct. 29, 2001.

Roger WM. Bennett, Stuart P. Boehning, Bennett, Boehning & Clary, Lafayette, Indiana, Attorneys for Appellant.

Rori L. Goldman, Hill, Fulwider, McDowell, Funk & Matthews, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Thomas L. Dreiling ("Dreiling") appeals the Indiana Worker's Compensation

Board's ("Board") denial of his worker's compensation claim. We affirm the Board's decision.

## Issue

The sole issue presented on appeal is whether Dreiling, the owner of a sole proprietorship, elected to include himself as an employee for purposes of worker's compensation coverage under Indiana Code section 22–3–6–1(b)(4).

## Facts and Procedural History

The following facts are undisputed. Dreiling was the owner of a sole proprietorship called Custom Builders. Custom Builders was in the business of construction. Aside from Dreiling, Custom Builders employed one other employee. On June 22, 1996, while working on a roof, Dreiling lost his footing and fell approximately forty to forty-five feet. As a result of his fall, Dreiling was rendered quadriplegic. Dreiling is permanently and totally disabled.

On August 18, 2000, Hearing Judge Sarkisian ruled in part as follows:

16. That [Dreiling] is an employee and elected to be treated as the same, pursuant to I.C. 22–3–6–1(b)(4), and those issues were argued by the parties on February 2, 1999 and ruled upon by this Single Hearing Member's March 2, 1999 Order, which denied [Custom Builders'] Motion to Dismiss.

17. That since [Dreiling] was an employee pursuant to I.C. 22–3–6–1(b)(4) at the time of the accident, [Dreiling's] injury arose out of and in the course of his employment when he fell from the roof, while roofing at 6th West Pierce Street, Whitestown, Indiana.

(Appellant's Appendix at 32). Custom Builders timely filed an Application for Review before the full Board.

The Board reversed the Hearing Judge's determination, ruling as follows:

16. That [Dreiling] was not an employee and did not elect to be treated as the same, pursuant to I.C. 22–3–6–1(b)(4), and no order was tendered to [Dreiling's] insurance company, or to the Worker's Compensation Board of Indiana requesting [Dreiling] be considered as a sole proprietorship.

17. That since [Dreiling] was not an employee pursuant to I.C. 22–3–6–1(b)(4) at the time of the accident, [Dreiling's] injury did not arise out of and in the course of his employment when he fell from the roof, while roofing at 6th West Pierce Street, Whitestown, Indiana.

18. [That Dreiling] was not charged a premium which would help evidence insurance coverage.

(Appellant's App. at 36–37). Dreiling appealed the Board's decision.

## Discussion and Decision

### Standard of Review

Typically, when reviewing an appeal from a finding of the Board, we employ a two-tiered standard of review. *Outlaw v. Erbrich Products Co., Inc.*, 742 N.E.2d 526, 529 (Ind.Ct.App.2001). First, we review the evidence in the record to see if there is any competent evidence of probative value to support the Board's findings, and second we examine the findings to see if they are sufficient to support the decision. *Id.* Here, however, where the pertinent facts were stipulated to by the parties, we need only review the matter as a question of law. *See Walkup v. Wabash Nat'l. Corp.*, 702 N.E.2d 713, 714 (Ind. 1998) (holding that where the parties to a worker's compensation appeal stipulated to all of the material facts, the issue on appeal became strictly a question of law that

turned on the construction of statutes and an insurance policy).

## Rule of Law

■ At issue is Indiana Code section 22–3–6–1(b)(4), which reads as follows:

An owner of a sole proprietorship may elect to include the owner as an employee under IC 22–3–2 through IC 22–3–6 if the owner is actually engaged in the proprietorship business. If the owner makes this election, the owner must serve upon the owner's insurance carrier and upon the board written notice of the election. No owner of a sole proprietorship may be considered an employee under IC 22–3–2 through 22–3–6 until the notice has been received.

When asked to construe a statute, our initial inquiry is whether the statute is clear and unambiguous on its face. *In re Souder's Estate*, 421 N.E.2d 12, 12 (Ind.Ct. App.1981). Construction is warranted only where a statute is susceptible to more than one interpretation. *Id.* If ambiguous, we must ascertain the legislative intent and interpret the statute so as to effectuate that intent. *Elmer Buchta Trucking, Inc. v. Stanley*, 744 N.E.2d 939, 942 (Ind.2001).

■ Words and phrases in a single section are construed together with the other parts of the same section and with the statute as a whole, in order that the spirit and purpose of the statute is carried out. *Souder*, 421 N.E.2d at 13 (citing *Indiana State Highway Comm'n v. White*, 259 Ind. 690, 695, 291 N.E.2d 550, 553 (1973)). Moreover, we view the statute within the context of the entire act rather than in isolation. *One 1968 Buick, 4 Door v. State*, 638 N.E.2d 1313, 1317 (Ind.Ct. App.1994). Finally, where a statute is reasonably susceptible to more than one interpretation, we must consider the conse-quences of a particular construction. *Id.* at 1318.

## Analysis

■ The facts, as stipulated, indicate that Dreiling did not serve written notice upon either his insurance carrier or upon the Board. Nevertheless, Dreiling generally avers that Indiana Code section 22–3–6–1(b)(4) is ambiguous, and that upon proper construction should be read to protect sole proprietors such as himself. We disagree.

Specifically, Dreiling points to the following provision as being ambiguous:

No owner of a sole proprietorship may be considered an employee under IC 22–3–2 through 22–3–6 until the notice has been received.

Ind.Code § 22–3–6–1(b)(4). Dreiling argues that this sentence renders the section ambiguous because it is unclear *by whom* an "owner of a sole proprietorship" may not "be considered an employee." This argument misses the mark, as it is *what* is required of a sole proprietor to be considered an employee under the Worker's Compensation Act, not *who* makes that decision, which matters here. Such would seem readily apparent from the title of the code section at issue; "Definitions[.]" Regardless, given that this text appears within Chapter 6, which is entitled "WORKER'S COMPENSATION: MISCELLANEOUS PROVISIONS[,]" it is clear that its provisions are within the province of the Board.

More importantly, the legislature's intended effect remains straightforward. The import of the statute is that if the sole proprietor fails to serve the owner's insurance carrier and Board with notice he shall not be considered an employee under the Worker's Compensation Act. That the drafters of this legislation chose to use the

term "may[,]" thus removing the Board's discretionary authority where there was not proper notice, as opposed to *shall,* which would invoke the Board's duty upon proper notice, matters not. The statute is clear and unambiguous and does not warrant further construction.[1]

Affirmed.

KIRSCH, J., and BROOK, J., concur.

---

1. In a separate suit against his insurance company and agent, Dreiling has alleged that he orally requested coverage for himself and that his agent indicated that he was covered. Dreiling claims this alleged oral request for worker's compensation coverage constitutes an *undisputed fact* evidencing election, supporting his argument that Indiana Code section 22–3–6–1(b)(4) is ambiguous for failing to distinguish between election and notice. While Dreiling's alleged oral notice to his agent is not a part of this appeal, and therefore plainly not a fact presently disputed, this in no way affects our disposition. Put simply; under the clear language of the statute, a failure to properly serve notice of election remains a failure to elect.