**Gary Andrew ZIEGLER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 42A01–0106–CV–232.**

Court of Appeals of Indiana.

Jan. 9, 2003.

J. Dirk Carnahan, Vincennes, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

STATON, Senior Judge.

Before Andy Ziegler had been charged with possession and dealing in marijuana, the Vincennes Police had obtained a search warrant for Ziegler's premises. During the search, the Police found five quarter-ounce bags of marijuana and various pills. The bedroom safe contained a cash drawer with $2,716.02 in U.S. currency and a Rossi .38 handgun that were seized by the Police. The currency and handgun are the only subjects of this appeal.

Later, two hundred and ten days after the U.S. currency and handgun were seized, the State filed its civil complaint for their forfeiture. Ziegler responded by filing a motion to dismiss the civil complaint because it had not been filed within one hundred and eighty days after the seizure as required by Ind.Code § 34–24–1–3. Ziegler's motion to dismiss was denied by the trial court. He appeals and presents this Court with one issue:

Does Ind.Code § 34–24–1–3 require the State to file its complaint for forfeiture within one hundred and eighty days after the property is seized?

We conclude that it does and reverse the judgment of the trial court.

The State contends that Ind.Code § 34–24–1–3 is "ambiguous and subject to differing interpretations." It further contends that this Court must search for the intent of the legislature. *See One 1968 Buick, 4 Door v. State,* 638 N.E.2d 1313, 1316 (Ind. Ct.App.1994).

The State also contends that it has an option to file its complaint within one hundred and eighty days of the seizure or to file its complaint "within the period that a prosecution may be commenced under IC 35–41–4–2 for the offense that is the basis for the seizure." We disagree.

The Statute provides:

(a) The prosecuting attorney for the county in which the seizure occurs may, within ninety (90) days after receiving written notice from the owner demanding return of the seized property or within one hundred and eighty (180) days after the property is seized, whichever occurs first, cause an action for reimbursement of law enforcement costs and forfeiture to be brought by filing a complaint in the circuit, superior, or county court in the jurisdiction where the seizure occurred. The action must be brought:

(1) in the name of the state or the state and the unit that employed the law enforcement officers who made the seizure if the state was not the employer; and

(2) within the period that a prosecution may be commenced under IC 35–41–4–2 for the offense that is the basis for the seizure.

First, we should note that the State did not receive a written notice from Ziegler. The State does not argue that the ninety-day deadline is a valid option. It concedes by its argument that the ninety-day deadline creates a mandatory compliance by the State.

The Statute does not expressly provide the State with an optional filing date as the State contends. Filing of an action by the State is covered by one of three time period deadlines: (1) ninety (90) days after receiving written notice; (2) one hundred eighty (180) days after the property is seized; and (3) before the statute of limitation (Ind.Code § 35–41–4–2) runs for prosecuting the offense. The last time period deadline will only occur when less than 180 days exist between the seizure and the limit to prosecute set forth in the Statute. These time period deadlines do not offer any options to the State. The deadlines are mandatory. We find no ambiguity.

The intent of the legislature has not changed with regard to the one hundred eighty day time period deadline for filing of a civil complaint. Previously, the deadline existed in Ind.Code § 34–4–30.5–4 which was repealed in 1988. In *4447 Corp. v. Goldsmith,* 509 N.E.2d 174, 176 (Ind. 1987), Chief Justice Shepard reflected on the previous deadline: "Ind.Code § 34–4–30.5–4 requires the prosecuting attorney to bring an action for forfeiture 'promptly' and provides that property be returned if an action is not instituted within 180 days of the seizure." After Chief Justice Shepard's opinion that brought other matters into question, the previous Statute was repealed. The present Statute, Ind.Code § 34–24–1–3 expresses the same 180–day time period deadline intent as the previous Statute.

The judgment of the trial court is reversed.

FRIEDLANDER, J., and VAIDIK, J., concur.