# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**ANDREW A. AULT**
**JAY CHAUDHARY**
Indiana Legal Services, Inc.
Indianapolis, Indiana

**JOHN E. BRENGLE**
Indiana Legal Services, Inc.
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana



FILED

Apr 08 2013, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DETONA SARGENT, | ) | |
| Appellant-Respondent, | ) ) | |
| and | ) ) | |
| One 1996 Buick, VIN 1G4AG55M3T6449095, | ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) ) | No. 49A02-1209-MI-708 |
| STATE OF INDIANA, the Consolidated City of Indianapolis/Marion County, and the Indianapolis Metropolitan Police Department, | ) ) ) ) | |
| Appellees-Plaintiffs. | ) ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No. 49D07-1111-MI-44802

**April 8, 3013**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Detona Sargent appeals the trial court's grant of summary judgment for the State of Indiana, the Consolidated City of Indianapolis/Marion County, and the Indianapolis Metropolitan Police Department (collectively referred to as "the State"), on the State's request that Sargent's vehicle be forfeited pursuant to Indiana Code Section 34-24-1-1(a)(1)(B). Sargent raises two issues for our review, which we restate as follows:

1. Whether there was a sufficient nexus between the underlying crime and the seized property; and

2. Whether either Indiana's statutory bankruptcy exemptions or Article I, Section 22 of the Indiana Constitution required the trial court to exempt Sargent's vehicle from forfeiture.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In September of 2011, Sargent worked at a Wal-Mart returns center. On September 16, she drove her 1996 Buick to work. Thereafter, she allowed a co-worker to borrow her car while Sargent was working on the condition that the co-worker returned in time for Sargent to drive home.

Five minutes before it was time for her to leave, Sargent grabbed four iPhones and concealed them under her shirt. She then attempted to leave. She was immediately stopped and searched. During her ensuing questioning, Sargent told her manager "to go outside to make sure that[,] if [her co-worker] was [in Sargent's car] waiting, she should stop waiting and go home because [Sargent] would not be coming out." Appellant's App. at 16. Officer Shane Foley of the Indianapolis Metropolitan Police Department had

2

Sargent's vehicle towed and placed on forfeiture hold. Sargent was eventually convicted of theft, as a Class D felony.

On November 22, 2011, the State filed a complaint seeking the forfeiture of Sargent's vehicle pursuant to Indiana Code Section 34-24-1-1(a)(1)(B). Thereafter, the State filed a motion for summary judgment on its complaint. Sargent filed a cross-motion for summary judgment in April of 2012, in which she asserted that her vehicle was exempt from Indiana's forfeiture laws. After a hearing, the court granted the State's motion for summary judgment and denied Sargent's cross-motion. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

Our standard of review for summary judgment appeals is well established:

> When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009) (citations omitted). Where, as here, the facts are undisputed and the issues presented are pure questions of law, we review the matter de novo. Crum v. City of Terre Haute ex rel. Dep't of Redev., 812 N.E.2d 164, 166 (Ind. Ct. App. 2004).

## Issue One: Sufficient Nexus

We first consider Sargent's assertion that the forfeiture of her vehicle was without a sufficient nexus to her theft.[1] The State seized Sargent's vehicle pursuant to the following statutory language:

> The following may be seized: (1) All vehicles . . . if they are used or are intended for use by the person . . . in possession of them to transport . . . the following: . . . (B) Any stolen . . . property . . . if the retail or repurchase value of that property is [$100] or more."

Ind. Code § 34-24-1-1(a)(1)(B); see also I.C. § 34-24-1-4 (providing for the forfeiture of lawfully seized property).

> As our supreme court has explained:

> Serving more than a punitive purpose, civil forfeiture proceedings advance diverse legislative interests—while punishing and deterring those who have engaged in illegal drug activity, forfeiture simultaneously advances other non-punitive, remedial legislative goals. First, forfeiture creates an economic disincentive to engage in future illegal acts. It also serves another significant, albeit secondary, purpose. Forfeiture advances our Legislature's intent to minimize taxation by permitting law enforcement agencies, via the sale of property seized, to defray some of the expense incurred in the battle against drug dealing. . . .

Katner v. State, 655 N.E.2d 345, 347-48 (Ind. 1995).

"[I]n order for a forfeiture action to succeed, the government must show a nexus between the use of the property sought in forfeiture and the underlying [offense]." Id. at 348. However,

> a substantial connection is not required between the property and the related drug offense for forfeiture of property under the federal forfeiture statute. Instead, the government must only demonstrate that the nexus between the

---

[1] The parties address this issue second in their briefs. We consider it first because "courts traditionally foreswear deciding a constitutional question unless no non-constitutional grounds present themselves for resolving the case under consideration." Citizens Nat. Bank of Evansville v. Foster, 668 N.E.2d 1236, 1241 (Ind. 1996).

4

property sought in forfeiture and the underlying offense is more than incidental or fortuitous. Our statute, similarly, requires more than an incidental or fortuitous connection between the property and the underlying offense.

Id. at 348-49 (discussing United States v. Real Estate Known as 916 Douglas Avenue, 903 F.2d 490, 494 (7th Cir. 1990)) (quotations, citations, and alterations omitted). "The State need only show the facts supporting forfeiture by a preponderance of the evidence." Id. at 348.

Sargent argues that the connection between her theft and her car is merely incidental or fortuitous. Specifically, she states as follows:

Sargent had not planned anything in advance, did not use her car to carry away the goods she attempted to steal, and it was her only intent, at the time of the attempted theft, to carry the property out of her workplace without getting caught. Because Sargent never got close to achieving her objective, that is, leaving her workplace with the concealed goods without getting caught, she never arrived at the point of considering what she would do if she successfully left the building with the concealed items.

Appellant's Br. at 16 (citation omitted).

We are not persuaded. The undisputed evidence shows that Sargent intended to leave her workplace in her car following the theft. She drove her car to work, and she allowed a co-worker to borrow her car on the express condition that the co-worker return in time for Sargent to leave. As such, there is a clear nexus between Sargent's theft of the four iPhones and her car, which she intended for use to transport the stolen goods. That Sargent's attempted theft was not successful is irrelevant to the State's lawful seizure of the vehicle.

Neither are we persuaded by Sargent's assertion that she had to intend to use the vehicle to transport the stolen goods when she first drove her car to work that morning for

the seizure to have been lawful.  There is no such limitation to the perpetrator's intent in the statute.  Indiana Code Section 34-24-1-1(a)(1)(B) required the State only to show that Sargent's vehicle was "intended for use" by Sargent to "transport" "stolen . . . property." The State easily met its burden based on the undisputed designated evidence. Accordingly, the State demonstrated a sufficient nexus between Sargent's vehicle and her underlying offense.

### Issue Two:  Whether Sargent's Vehicle was Exempt from Forfeiture

Overview

Sargent also asserts that her vehicle was exempt from forfeiture because she is impoverished.[2]  In particular, Sargent relies on Article I, Section 22 of the Indiana Constitution and Indiana Code Section 34-55-10-2(c)(2).  Article I, Section 22 of the Indiana Constitution provides:

> The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale, for the payment of any debt or liability hereafter contracted; and there shall be no imprisonment for debt, except in case of fraud.

As our supreme court has explained:

> the American democracy has long struggled with balancing the creditor's interest in being repaid against the debtor's interest in leading a self-sufficient, productive life.  American bankruptcy laws have typically attempted to protect both the property rights of creditors and society's interest in allowing a debtor to keep enough property so as not to become a public charge.  Though our English common law tradition includes debtors' prison, from the earliest days of our Republic penal sanctions for failing to satisfy all obligations due were sharply curtailed or abolished altogether. Consistent with this policy, the drafters of the Indiana Constitution of 1851 gave us Article I, Section 22 . . . .

---

[2]  According to Sargent, the total value of all her property is $7,420, which includes about $1,700 for the 1996 Buick.

6

<u>Citizens Nat'l Bank of Evansville v. Foster</u>, 668 N.E.2d 1236, 1239 (Ind. 1996) (footnote omitted).

Article I, Section 22 is implemented in part by Indiana Code Section 34-55-10-2, which is titled, "Bankruptcy exemptions; limitations." That statute "substitute[s Indiana's] own set of exemptions for the federal exemption scheme" found in Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 522. <u>Id.</u> at 1238 (discussing a predecessor statute to Indiana Code Section 34-55-10-2). Specifically, that statute provides, in relevant part: "The following property <u>of a debtor</u> domiciled in Indiana is exempt: . . . tangible personal property of [$8,000]." I.C. § 34-55-10-2(c)(2) (emphasis added). There is no dispute that Sargent's Buick was valued at less than $8,000. We address her argument that Section 34-55-10-2 applies before turning to Article I, Section 22.

<u>Whether Section 34-55-10-2 Applies</u>

Indiana's statutory bankruptcy exemptions do not apply to forfeiture proceedings. As we have explained:

> Statutory interpretation is a question of law reserved for the court and is reviewed de novo. <u>Ind. Pesticide Rev. Bd. v. Black Diamond Pest & Termite Control Inc.</u>, 916 N.E.2d 168, 181 (Ind. Ct. App. 2009) (quotation omitted), <u>trans. denied</u>. De novo review allows us to decide an issue without affording any deference to the trial court's decision. <u>Id.</u> Our goal in statutory construction is to determine, give effect to, and implement the intent of the legislature. <u>Id.</u> When a statute has not previously been construed, our interpretation is controlled by the express language of the statute and the rules of statutory construction. <u>Id.</u> We review the statute as a whole and presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. <u>See</u> <u>Curley v. Lake County Bd. of Elections & Registration</u>, 896 N.E.2d 24, 34 (Ind. Ct. App. 2008) (quotation omitted), <u>trans. denied</u>.

State v. Prater, 922 N.E.2d 746, 748 (Ind. Ct. App. 2010), trans. denied. Exemption statutes are construed liberally. In re Zumbrun, 626 N.E.2d 452, 455 (Ind. 1993).

The plain language of Indiana Code Section 34-55-10-2 describes "[b]ankruptcy exemptions" and limits its reach to "a debtor." As explained by our supreme court, the statute provides a set of bankruptcy exemptions as a substitute to the federal exemptions provided for in the United States Bankruptcy Code. See Citizens Nat'l Bank, 668 N.E.2d at 1238. The forfeiture proceedings from which Sargent appeals were not part of a bankruptcy proceeding, and expanding the reach of those exemptions to proceedings outside the scope of bankruptcy would be contrary to the clear intent of our legislature.

Neither is Sargent a "debtor" within the meaning of Section 34-55-10-2. She asserts that the statute is written broadly enough to capture all judgment debtors and that we are bound to give the statute a liberal application. But, again, "[o]ur goal in statutory construction is to determine, give effect to, and implement the intent of the legislature." Prater, 922 N.E.2d at 748. It is clear that the intent of our legislature was to limit Section 34-55-10-2 to debtors in bankruptcy proceedings.

In any event, "a forfeiture action under Ind. Code ch. 34-24-1 is an in rem action," meaning that it is filed against the property rather than against a person. $100 v. State, 822 N.E.2d 1001, 1008 (Ind. Ct. App. 2005), trans. denied. Thus, Sargent's argument that Section 34-55-10-2 applies to her because she is a judgment debtor is mistaken. A judgment debtor is a "person against whom a money judgment has been entered but not yet satisfied." Black's Law Dictionary 848 (7th ed. 1999). The court's order on forfeiture is not a money judgment against Sargent.

8

Accordingly, the statutory bankruptcy exemptions listed in Indiana Code Section 34-55-10-2 do not exempt Sargent's vehicle from forfeiture.

### Article I, Section 22

Sargent also asserts that Article I, Section 22 of the Indiana Constitution requires that her vehicle be exempt from forfeiture. Sargent's argument presents a matter of first impression under Article I, Section 22. As our supreme court has explained:

> Questions arising under the Indiana Constitution are to be resolved by examining the language of the text in the context of the history surrounding its drafting and ratification, the purpose and structure of our constitution, and case law interpreting the specific provisions. In construing the constitution a court should look to the history of the times, and examine the state of things existing when the constitution or any part thereof was framed and adopted, to ascertain the old law, the mischief, and the remedy. Because the intent of the framers of the Constitution is paramount in determining the meaning of a provision, this Court will consider the purpose which induced the adoption[] in order that we may ascertain what the particular constitutional provision was designed to prevent.

Boehm v. Town of St. John, 675 N.E.2d 318, 321 (Ind. 1996) (citations and quotations omitted).

Rather than analyzing "the language of the text in the context of the history surrounding its drafting and ratification, the purpose and structure of our constitution, and case law interpreting the specific provisions," Sargent instead relies substantially on Minnesota law.[3] We do not find Minnesota law persuasive.

According to the Minnesota Bill of Rights: "A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount

---

[3] Sargent makes passing reference to the fact that the debtor in a garnishment order has an Article I, Section 22 right to a reasonable exemption. See Mims v. Commercial Credit Corp., 261 Ind. 591, 595, 307 N.E.2d 867, 869 (1974). The relevance of a garnishment order to a forfeiture order is not clear.

9

of such exemption shall be determined by law." Minn. Const. art. I, § 12. The Minnesota Supreme Court has "long construed the constitutional language to refer to debts or liabilities of every kind or description, without exception." Torgelson v. Real Property Known as 17138 880th Ave., Renville County, 749 N.W.2d 24, 27 (Minn. 2008) (quotations omitted). In Torgelson, the court held that Minnesota's statutory exemption of homestead property from the reach of creditors applied to the State's civil forfeiture proceedings when that property had been used in an illegal drug operation. Id. at 27-28. The court, noting that exemptions should be liberally construed and forfeiture should be strictly construed, reasoned that "[t]he constitutional phrase 'debt or liability' is broad, and we see no basis for excluding civil forfeiture from its scope." Id.[4]

The language of the Minnesota Bill of Rights differs materially from Indiana's. Namely, Article I, Section 12 of the Minnesota Constitution contains the unqualified requirement that "[a] reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability." But the corresponding text in Article I, Section 22 of the Indiana Constitution is qualified: "The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale, for the payment of any debt or liability hereafter contracted . . . ." (Emphases added.)

As our supreme court has explained, the historical context of this language at the time of its drafting and ratification demonstrates that our framers were principally concerned with "balancing the creditor's interest in being repaid against the debtor's

---

[4] The court also acknowledged similar holdings in the courts of Florida, Iowa, Kansas, Oklahoma, and Illinois, but Sargent concedes on appeal that those jurisdictions "involved statutory and constitutional provisions somewhat different from those in Indiana." Appellant's Br. at 14 n.5.

10

interest in leading a self-sufficient, productive life." <u>Citizens Nat'l Bank</u>, 668 N.E.2d at 1239. Indeed, Article I, Section 22 is expressly limited to "debtor[s]." As explained above, Sargent is not a debtor in these proceedings. Accordingly, Article I, Section 22 does not exempt her vehicle from forfeiture.

**Conclusion**

In sum, we hold that the State demonstrated a sufficient nexus between the underlying crime and the seized property. We also hold that neither Indiana's statutory bankruptcy exemptions nor Article I, Section 22 of the Indiana Constitution required the trial court to exempt Sargent's vehicle from forfeiture. Accordingly, we affirm the court's forfeiture order.

Affirmed.

BAILEY, J., and BARNES, J., concur.