# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**ANDREW A. AULT**
**JAY CHAUDHARY**
Indiana Legal Services, Inc.
Indianapolis, Indiana

**JOHN E. BRENGLE**
Indiana Legal Services, Inc.
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana



FILED
Aug 02 2013, 2:01 pm

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DETONA SARGENT,<br>　　　Appellant-Respondent,<br><br>　　　and<br><br>One 1996 Buick, VIN 1G4AG55M3T6449095,<br>　　　Appellant-Defendant,<br><br>　　　vs.<br><br>STATE OF INDIANA, the Consolidated City of<br>Indianapolis/Marion County, and the Indianapolis<br>Metropolitan Police Department,<br>　　　Appellees-Plaintiffs, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　No.　49A02-1209-MI-708 |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No.　49D07-1111-MI-44802

**August 2, 2013**

**Dissent from Denial of Petition for Rehearing**

**BAILEY, Judge**

The majority would deny rehearing. However, I think Sargent's petition for rehearing provides us with an important opportunity to clarify our prior opinion on her appeal, and I would therefore grant rehearing for that limited purpose.

Sargent correctly notes that the exempted amounts for debtors' property are to be liberally construed and find their basis in the Indiana Constitution. Ind. Const. Art. 1, § 22; Branham v. Varble, 952 N.E.2d 744, 747 (Ind. 2011). Our opinion in Sargent's case stated that "[t]he forfeiture proceedings from which Sargent appeals were not part of a bankruptcy proceeding, and expanding the reach of those exemptions to proceedings outside the scope of bankruptcy would be contrary to the clear intent of our legislature." Sargent v. State, 985 N.E.2d 1108, 1114-15 (Ind. Ct. App. 2013). Partially on that basis, we concluded that the debtor's exemptions did not serve to preclude the forfeiture of Sargent's vehicle under our forfeiture statute. Sargent notes this, and argues in her petition for rehearing that this aspect of our opinion in the case is incorrect.

I agree. It seems clear from the language of the statutory scheme that the Legislature intended the debtor's exemptions codified in Indiana Code chapter 34-55-10 to apply not only in bankruptcy proceedings, but in many other forms of action. First, the exemptions are part of the broader statutory scheme provided for execution of judgments. Further, the applicability of the exemptions beyond bankruptcy is made clear by Section 34-55-10-0.2:

> (a) The amendments made to IC 34-2-28 (before its repeal, now codified in this chapter) by P.L.182-1986 do not apply to causes of action in tort that accrue before September 1, 1986.

(b) The amendments made to IC 34-2-28-1 (before its repeal, now codified at section 2 of this chapter) by P.L.290-1989 apply to judgments obtained after June 30, 1989.

I.C. § 34-55-10-0.2. And while Sections 34-55-10-1 and -2 contemplate bankruptcy proceedings, see, e.g., I.C. § 34-55-10-2(d) (providing that ownership by a bankruptcy estate of an interest in a tenancy by the entireties does not sever the tenancy), their terms do not foreclose the exemptions from use outside of the bankruptcy context. For example, Section 34-55-10-2 provides that it "does not apply to judgments obtained before October 1, 1977." I.C. § 34-55-10-2(a).

To the extent, then, that our prior opinion could be construed to limit the debtor's exemptions solely to proceedings related to bankruptcy, I would grant rehearing to clarify that nothing in our prior opinion should be construed in derogation of our supreme court's prior holdings concerning the scope and applicability of the bankruptcy exemptions. Nor, I think, should our prior opinion be construed to preclude the applicability of the debtor's exemptions outside of bankruptcy proceedings. Because I agree with the results of our prior opinion as to the applicability vel non of the debtor's exemptions to forfeiture actions like the one at issue here, however, I would not otherwise disturb our prior opinion.

For that sole purpose, then, I respectfully disagree with the majority and would grant rehearing.

3