**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Jan 09 2014, 11:28 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**ANDREW A. AULT**
**JAY CHAUDHARY**
Indiana Legal Services, Inc.
Indianapolis, Indiana

**JOHN E. BRENGLE**
Indiana Legal Services, Inc.
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEFREDERICK COLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1304-MI-335 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael Keele, Judge
Cause No. 49D03-1201-MI-3787

**January 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

The State filed a complaint for forfeiture of Defrederick Cole's vehicle pursuant to Ind. Code Ann. § 34-24-1-1 (West, Westlaw current through 2013 First Regular Session and First Regular Technical Session) (the Civil Forfeiture Statute). The State thereafter filed a motion for summary judgment. Cole responded with a cross-motion for summary judgment. He appeals the denial of his cross-motion for summary judgment and the granting of the State's motion for summary judgment, which resulted in forfeiture of his vehicle. Cole presents the following restated issues for review:

1. Does Indiana's civil-exemption statute apply so as to enable Cole to exempt his vehicle from forfeiture?

2. Does article 1 section 22 of the Indiana Constitution entitle Cole to exempt his vehicle from civil forfeiture?

We affirm.

The facts are that on October 21, 2012, Cole was driving his 2005 Dodge vehicle when Officer Aaron Helton of the Indianapolis Metropolitan Police Department observed him drive left of the double yellow line on three separate occasions. Officer Helton executed a traffic stop. When he approached Cole's vehicle, Officer Helton smelled "a very strong" odor of marijuana coming from the vehicle. *Appellee's Appendix* at 7. Officer Helton later searched the car and found a white plastic bag containing a large amount of dried marijuana. Inside the plastic bag he found a Ziploc bag containing marijuana, as well as two other small plastic bags. Cole admitted the marijuana belonged to him and that he grew it for the purpose of "selling it to make money." *Id.* The officer also determined that Cole was the registered owner of the vehicle, but did not have a valid driver's license. Cole was placed

2

under arrest and his vehicle was towed from the scene.

On October 22, 2011, Cole was charged with two counts of dealing in marijuana, a class D felony, and operating a vehicle having never received a license, a class C misdemeanor. On October 31, 2011, Cole entered into a plea agreement whereby he agreed to plead guilty to one count of dealing in marijuana as a class D felony, in exchange for dismissal of the other two charges. The court accepted the agreement and on May 11, 2012, the court entered judgment of conviction on Cole's guilty plea.

On April 5, 2012, the State filed an amended complaint, seeking forfeiture of Cole's vehicle pursuant to Indiana's Forfeiture Statute. This was based on the State's allegation that the vehicle "had been used or was intended to be used to facilitate the transportation of a [c]ontrolled substance for purposes of committing Dealing in Marijuana and/or is traceable as proceeds of a violation of a criminal statute [.]" *Appellant's Appendix* at 8. The State filed a motion for summary judgment on its complaint for forfeiture, and Cole filed a cross-motion for summary judgment. Following a hearing, the court denied Cole's cross-motion for summary judgment and granted the State's motion for summary judgment, thereby forfeiting Cole's vehicle to the Indianapolis Metropolitan Police Department. Cole challenges the forfeiture of his vehicle.

1.

Cole contends that the trial court erred in granting summary judgment in favor of the State. Our review of rulings on summary judgment motions is well settled:

> On appeal of the grant or denial of a motion for summary judgment, we apply the same standard applicable to the trial court. The moving party "bears the

3

initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Gill v. Evansville Sheet Metal Works, Inc.,* 970 N.E.2d 633, 637 (Ind. 2012). If the moving party meets this burden, then the non-moving party must designate evidence demonstrating a genuine issue of material fact. *Id.* Review is limited to those facts designated to the trial court, Ind. Trial Rule 56(H), and summary judgment is appropriate where the designated evidence "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," *id.* 56(C). In applying the facts to the law, "[a]ll facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party." *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.,* 756 N.E.2d 970, 973 (Ind. 2001). "We must carefully review a decision on a summary judgment motion to ensure that a party was not improperly denied its day in court." *Id.* at 974.

*F.D. v. Ind. Dep't of Child Servs.*, 82S01-1301-CT-19, 2013 WL 6182967 at *2 (Ind. Nov. 26, 2013) (some internal citations omitted).

Cole contends he is entitled to exempt his vehicle from forfeiture pursuant to Ind. Code Ann. § 34-55-10-2 (West, Westlaw current through 2013 First Regular Session and First Regular Technical Session).  He also contends that article 1, section 22 of the Indiana Constitution requires that his vehicle be exempt from forfeiture.  We note that precisely the same arguments were recently made in challenging a forfeiture under I.C. § 34-55-10-2 in *Sargent v. State*, 985 N.E.2d 1108, 1114 (Ind. Ct. App. 2013), *trans. pending*.  That panel rejected those arguments, and we do as well, although upon a slightly different rationale.

In *Sargent*, the defendant's car was the subject of a complaint for forfeiture filed by the State following the defendant's conviction of theft.  In response, the defendant asserted that her vehicle was exempt from Indiana's forfeiture laws on the same two grounds that Cole presents in the present case, i.e., pursuant to I.C. § 34-55-10-2 and article 1, section 22 of the Indiana Constitution.  In a unanimous opinion, the *Sargent* panel concluded that I.C. §

34-55-10-2 does not apply in this situation because that provision governs only bankruptcy actions, "and expanding the reach of those exemptions to proceedings outside the scope of bankruptcy would be contrary to the clear intent of our Legislature." *Sargent v. State*, 985 N.E.2d at 1115. As an alternate basis for its decision on this point, the *Sargent* panel concluded that I.C. § 34-55-10-2 was available only to a judgment debtor, which it defined as a "person against whom a money judgment has been entered but not yet satisfied." *Id.* (quoting *Black's Law Dictionary* 848 (7th ed. 1999)). The panel determined that a forfeiture action under the Civil Forfeiture Statute is an *in rem* action, "meaning that it is filed against the property rather than against a person." *Id.* The panel concluded that in the context of that civil forfeiture proceeding, Sargent was not a "judgment debtor" within the meaning of I.C. § 34-55-10-2, and thus could not avail herself of its protections.

We note that following the *Sargent* decision, Sargent filed a petition for rehearing. In part, she argued that the decision was in error in concluding that the debtor's exemptions codified in I.C. § 34-55-10 apply only in bankruptcy proceedings. The panel denied the petition for rehearing over Judge Bailey's dissent. He would have granted the petition for rehearing in order to clarify that the opinion should not be construed so as to limit I.C. § 34-55-10 to only bankruptcy proceedings. We agree with Judge Bailey in this respect, as well as with that aspect of *Sargent* holding that exemptions do not apply in civil forfeiture actions such as those instituted against Sargent and, in the present case, Cole. Therefore, upon the rationale that Cole is not a "judgment debtor" within the meaning of I.C. § 34-55-10-2, as explained in *Sargent*, Cole is not entitled to exempt his vehicle from forfeiture upon that

5

basis.

We do not cite *Sargent* as authority for our decision because a petition for transfer in that case is currently pending before our Supreme Court. Therefore, that opinion has not been certified as of this date. Unless and until the Supreme Court rejects it, however, we agree with *Sargent*'s conclusion that the exemptions set out in I.C. § 34-55-10-2 are not available in civil forfeiture proceedings instituted under I.C. § 34-24-1-1. We affirm the grant of summary judgment on behalf of the State on that basis with respect to this argument.

2.

As a second basis for challenging the trial court's grant of summary judgment in favor of the State, Cole claims that, pursuant to article 1, section 22 of the Indiana Constitution, he is entitled to exempt his vehicle from civil forfeiture. Section 22 states:

> The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale, for the payment of any debt or liability hereafter contracted: and there shall be no imprisonment for debt, except in case of fraud.

The *Sargent* panel concluded that section 22's history indicates that the framers who drafted this provision ""were principally concerned with 'balancing the creditor's interest in being repaid against the debtor's interest in leading a self-sufficient, productive life.'" *Sargent v. State*, 985 N.E.2d at 1116 (quoting *Citizens Nat'l Bank of Evansville v. Foster*, 668 N.E.2d 1236, 1239 (Ind. 1999)). Based upon its conclusion that Sargent was not a debtor in those proceedings, the *Sargent* panel concluded that article 1, section 22 did not exempt her vehicle from forfeiture.

6

Based upon the same rationale, we similarly conclude that article 1, section 22 does not exempt Cole's vehicle from a forfeiture action instituted under I.C. § 34-24-1-1.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.