AMERICAN STATES INSURANCE COMPANY *v.* STATE OF INDIANA EX REL. CARL JENNINGS.

[No. 170A2. Filed June 20, 1972. Appeal Dismissed April 12, 1971.]

Rehearing Denied September 13, 1971. Transfer granted and remanded back to Court of Appeals June 8, 1972.]

*Howard J. DeTrude, Jr., Mark W. Gray, John T. Lorenz,* of *Kightlinger, Young, Gray & Hudson,* of Indianapolis, for appellant.

*Scott Ging,* of Indianapolis, for appellee.

LOWDERMILK, J.—Proceedings in this case are essentially as follows: On September 26, 1967, summary judgment was entered by the trial court against appellant as to liability only and the trial court set this matter for trial on the question of damages. Trial was held and the court entered its judgment and decree on September 4, 1969. Thereafter, appellant filed a motion for new trial on October 3, 1969, which was overruled on October 14, 1969. The transcript and assignment of errors was filed after an extension of time.

The problem arises from the fact that the record erroneously states that the motion for new trial was overruled on October 4, 1969, when, in truth, the motion was overruled on October 14, 1969, as shown by the affidavit of the Clerk of the Marion Superior Court which accompanied appellant's Application for Writ of Certiorari and Petition for Rehearing.

The Appellate Court dismissed this appeal as being untimely because the record showed the Motion for New Trial was overruled on October 4, 1969, and the petition for extension of time was not filed until January 7, 1970. (This opinion is found at 268 N. E. 2d 307.) At this point appellant first became aware of the typographical error in the record. Sixteen days later appellant filed its application for a Writ of Certiorari, accompanied by the affidavit of the Clerk of the Marion Superior Court, and at the same time filed its Petition for Rehearing, all of which was denied September 13, 1971, with opinion, by a four to four vote of the Appellate Court. (This opinion is found at 273 N. E. 2d 306.) There was a dissent to the opinion on Application for Writ of Certiorari and the Petition for Rehearing (273 N. E. 2d 306, 310.)

Our Supreme Court handed down its opinion on June 8, 1972, remanding this cause to the Court of Appeals with instructions to grant the Application for Writ of Certiorari and an opinion on the merits.

## OPINION ON THE MERITS

This is an appeal from the Marion Superior Court, Room

No. 3, the Honorable Glenn W. Funk, Judge; however, the regular judge did not hear this case and the appeal is from a special judge.

On May 15th, 1963, the relator, appellee herein, brought an action against Norman A. Bowman in the Marion County Superior Court, Room No. 3, alleging therein that he was a duly elected constable in Pike Township; that Norman A. Bowman, defendant in that cause, was a duly elected Justice of the Peace of Pike Township. Relator-appellee further alleged he was ready, willing and able to perform the duties as such constable, but that Bowman, Justice of the Peace, appointed certain special constables in violation of the law and refused to permit him to do his duties as the regularly elected constable of said township.

The prayer of the complaint is as follows:

"WHEREFORE, Relator prays the Court:
"(a)   That the defendant, Norman A. Bowman, as Justice of the Peace in Pike Township, Marion County, Indiana, be ordered by this Court to allow the relator as the duly elected, qualified and acting Constable of Pike Township, Marion County, Indiana, to perform the duties of such office as Constable by the laws of the State of Indiana, and
"(b)   That the defendant, Norman A. Bowman, as Justice of the Peace in Pike Township, Marion County, Indiana, be prohibited from appointing a Special Constable or Constables save in the manner provided by the laws of the State of Indiana;
"(c)   That the Court direct a shorter time for the return of the summons and for the appearance and answer of the defendant than is provided in civil cases."

On May 8, 1964, relator-appellee obtained a default judgment against Bowman, which is as follows:

"Comes now the Relator herein, Carl E. Jennings, and having filed herein his duly verified complaint seeking to have the defendant, Norman A. Bowman, as the Justice of the Peace of Pike Township, Marion County, Indiana, ordered by this Court to allow the relator as the duly elected, qualified and acting Constable of Pike Township, Marion County, Indiana, to perform the duties of such office as

Constable by the laws of the State of Indiana, and further seeking to have said defendant, Norman A. Bowman, as Justice of the Peace in Pike Township, Marion County, Indiana, prohibited from appointing a Special Constable or Constables save in the manner provided by the laws of the State of Indiana;

"And the defendant having filed herein his amended answer in abatement upon which hearing was had and a finding for the relator herein having been made heretofore by this Court.

"And the defendant having been ordered to plead over and having failed to so do and it having been shown to the Court by the affidavit of Counsel for relator that the attorney of record for defendant has been duly notified that unless an answer to relator's petition was filed in this Court by the 4th day of May, 1964, a default judgment would be moved against said defendant which said affidavit is herewith presented to the Court and is in the following words and figures, to-wit:

"(H. I.)

"And the defendant appearing not either in person or by Counsel and the Court having heard the evidence and being duly advised in the premises, now finds that a judgment should be entered for the relator as prayed in relator's complaint.

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Court that the relator, Carl E. Jennings, is the duly elected, qualified and acting Constable of Pike Township, Marion County, Indiana, and should be allowed to perform the duties of such office as provided by the laws of the State of Indiana;

"IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED by the Court that the appointment of Special Constables by the defendant was unlawful and improper in that such appointments were made contrary to the laws of the State of Indiana governing such appointments.

"IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED by the Court that the relator recover of the defendant his costs and charges laid out and expended herein."

A second and separate action was filed on June 9, 1964 by Carl E. Jennings against Norman A. Bowman and American States Insurance Company as surety for Bowman. The action was on the bond executed by Bowman as a Justice

of the Peace. This complaint alleges that Bowman was a duly elected Justice of the Peace; that Jennings was a duly elected constable; that Bowman and American States Insurance Company executed their bond; that Bowman appointed certain special constables who were paid $7,288.45 for services they performed and that in a prior action the appointment of special constables was held to be unlawful.

Appellant American States Insurance Company denied all allegations, with the exception of its bond.

On this action on the bond for damages Jennings then moved for summary judgment on the basis of the earlier case, heretofore referred to, in which a default judgment was taken against Bowman alone, and which judgment recited that appointment of special constables was unlawful.

Appellant American States Insurance Company countered with the affidavit of Bowman that the special appointments were necessary and authorized by statute since Jennings refused to perform certain services. Relator-appellee, in support of his motion for summary judgment, set out in his affidavit that the prior default judgment obtained in another cause by relator-appellee against Bowman showed that appellant American States Insurance Company, by answer, admitted it was surety on the bond of Bowman as Justice of the Peace of Pike Township and that a conditional examination of the plaintiff allegedly showed amounts paid out to the so-called special constables.

Appellant American States Insurance Company thereafter filed the affidavit of Bowman in opposition to relator-appellee's motion for summary judgment. In Bowman's affidavit it was averred that the relator-appellee, Jennings, failed and refused to give proper service of papers promptly and refused altogether to serve subpoenas and attachments required by this office and issued pursuant to the orders of the Justice of the Peace; that he appointed certain special constables as an emergency matter because of relator-appellee's refusal to serve the papers promptly and to perform the duties of his

office; that on June 20, 1963, relator-appellee ceased all service in the court operated by Bowman and relator-appellee devoted his time to his wife's Justice of the Peace court.

Argument was held on September 5, 1967, and hearing on damages was set for September 26, 1967.

On September 26, 1967, the court granted relator-appellee's motion for summary judgment. The final judgment, duly entered by the court, awarded relator-appellee $6,000 in damages against American States Insurance Company and Norman A. Bowman.

The court's record then showed that after hearing all the evidence concerning the amount of damages sustained by relator-appellee Jennings, the court's findings were (1) that Norman A. Bowman and his surety, American States Insurance Company, are liable to Jennings on the official bond of Norman A. Bowman in the amount of $6,000; (2) that the liability of American States Insurance Company is limited to $6,000; (3) that the motion of plaintiff-relator for summary judgment against defendants Norman A. Bowman and American States Insurance Company should be granted.

On these findings the court duly entered its judgment, the pertinent parts of which read as follows:

"The Motions of plaintiff-relator, Carl E. Jennings, for Summary Judgment against defendants, Norman A. Bowman and American States Insurance Company, are hereby granted.

\* \* \*

"That plaintiff-relator is hereby granted a judgment against defendants, Norman A. Bowman and American States Insurance Company in the amount of Six Thousand Dollars ($6,000.00), together with interest at the rate of six percent (6%) from the 26th day of March, 1964, together with twenty percent (20%) damages as provided by law except however that the liability of defendant, American States Insurance Company, shall be limited to the amount of Six Thousand Dollars ($6,000.00)."

American States Insurance Company timely filed its motion

for new trial, which was overruled on October 14, 1969. The errors assigned in said motion are (1) the court erred in sustaining plaintiff's motion for summary judgment against American States Insurance Company as to liability; (2) the court erred in admitting into evidence the judgment in Cause No. S63-3383; and (3) the decision of the court is not sustained by sufficient evidence and is contrary to law.

We shall first discuss appellant's assignment of error number one, which is that the court erred in sustaining plaintiff's motion for summary judgment against American States Insurance Company as to liability.

The trial court, on September 26, 1967, ruled on relator-appellee's motion for summary judgment without hearing evidence thereon, although at said time the court did hear evidence as to damages sustained by relator-appellee Jennings in his being refused the right to serve process for the Justice of the Peace court.

Our Supreme Court, in *Central Realty, Inc.* v. *Hillman's Equip., Inc.* (1969), 253 Ind. 48, 246 N. E. 2d 383, said:

> "* * * It is only when the supporting affidavits clearly establish that there is no controversy as to any material fact that summary judgment can be granted. [Citing cases.]
>
> "Summary judgment cannot be granted, however, when it is necessary to weigh the evidence contained in the supporting affidavits, draw conclusions of fact from that evidence, and thereby determine a preponderance of the evidence. In ruling on motions for summary judgment, the court may not decide questions of fact, but is limited to the sole determination of whether or not a factual controversy exists. In short, summary judgment is not a procedure for trying facts and determining the preponderance of the evidence. Rather, it is a procedure for applying the law to the facts when no factual controversy exists."

This court, in *Walsh* v. *Fulton County Farm Bureau Co-op Assoc.* (1969), 146 Ind. App. 42, 252 N. E. 2d 609, in dis-

cussing a hearing on a motion for summary judgment, stated that such hearing is not a trial, but the case should be allowed to proceed to trial in the usual way if there is a material fact to be tried. The court set out the functions of the trial court in passing on a motion for summary judgment and concluded that if there is any question as to the credibility of evidence or its weight that summary judgment should not be granted. Citing, *Wozniczka* v. *McKean* (1969), 144 Ind. App. 471, 247 N. E. 2d 215; *Verplank* v. *Commercial Bank of Crown Point* (1969), 145 Ind. App. 324, 251 N. E. 2d 52; *Central Realty, Inc.* v. *Hillman's Equip., Inc., supra, Newcomb* v. *Cassidy* (1969), 144 Ind. App. 18, 245 N. E. 2d 846; *Mayhew* v. *Deister* (1969), 144 Ind. App. 111, 244 N. E. 2d 448.

In *Mayhew* v. *Deister* (1969), 144 Ind. App. 111, 244 N. E. 2d 448, 452, the court said:

" 'Since the moving party must show that he is entitled to prevail as a matter of law while the opposing party need show only that a genuine controversy as to the facts exists, the provisions of Rule 56(e) are enforced more strictly against the movant than the opposing party.' [Rule 56(e) is identical to Section 2-2524(e), Burns Indiana Statutes Annotated (1968 Replacement).]

" 'Summary judgment is a lethal weapon, and courts must be mindful of its aims and targets and beware of overkill in its use.' *Brunswick Corp.* v. *Vineberg,* 370 F. 2d 605 (5th Cir. 1967).

"If there is a question of state of mind, credibility of witnesses, or weight of testimony, summary judgment should be denied. [Citing cases.]"

In *Houston* v. *First Federal Savings & L. Ass'n of Gary* (1969), 144 Ind. App. 304, 246 N. E. 2d 199, 205, this court, in holding that there was a triable issue of fact presented to the trial court, said:

"* * * that the case should have been submitted to the court for trial on its merits, even though the court, in its wisdom, probably was of the opinion that the same

result was reached in the granting of a summary judgment that would have been reached had he tried the case on its merits. *Pierce* v. *Ford Motor Co., supra.*"

We are mindful of the quote from *Brunswick Corp.* v. *Vineberg,* 370 F. 2d 605 (5th Cir. 1967), as quoted in *Mayhew* v. *Deister, supra,* that a summary judgment is a lethal weapon and courts must be mindful of its aims and targets and beware of overkill in its use.

We are of the opinion that the affidavit filed by the appellant, American States Insurance Company, in response to the affidavit filed in support of the motion for summary judgment by relator-appellee Jennings, clearly and unequivocally presented a triable issue of material fact to the trial court and the trial court committed reversible error in sustaining relator-appellee's motion for summary judgment.

The court having determined, in considering specification number one of the assignments of error, that the trial court committed reversible error in its ruling, is not now required to pass on the other specifications assigned as error and will not write on them.

The judgment of the trial court is hereby reversed and the cause remanded to the trial court for trial.

Robertson, P.J., concurs; Lybrook, J., concurs.

NOTE.—Reported in 283 N. E. 2d 529.