# FOR PUBLICATION

APPELLANT PRO SE:

**MICHAEL L. CURTIS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE L. ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jan 29 2013, 9:04 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MICHAEL L. CURTIS, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1203-MI-271 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Timothy W. Oakes, Judge
Cause No. 49D13-0912-MI-57586

**January 29, 2013**

**OPINION - FOR PUBLICATION**

**SHARPNACK, Senior Judge**

STATEMENT OF THE CASE

Michael Curtis appeals the denial of his Indiana Trial Rule 60(B) motion for relief from judgment following the forfeiture of his truck. We reverse.

ISSUE

Curtis raises one issue: whether the trial court abused its discretion by denying his motion for relief from judgment.

FACTS AND PROCEDURAL HISTORY

In December 2009, the State charged Curtis with four counts of Class D felony fraud for selling pirated movies out of his truck. Specifically, the State alleged that Curtis violated Indiana Code section 35-43-5-4(10)(A) (2005), which makes it a crime to "knowingly or intentionally . . . sell[ ] . . . a recording for commercial gain or personal financial gain that does not conspicuously display the true name and address of the manufacturer of the recording."

Later that month, the State filed a complaint for forfeiture of Curtis's truck under Indiana Code section 34-24-1-1(a)(1)(B) (2009), which allows the seizure of vehicles "if they are used or are intended for use by the person or persons in possession of them to transport or in any manner to facilitate the transportation of . . . [a]ny stolen . . . or converted property . . . if the retail or repurchase value of that property is one hundred dollars ($100) or more."[1]

---

[1] Although the forfeiture complaint is not included in the record on appeal, the State's subsequent motion for summary judgment establishes that the complaint was based on this provision of the forfeiture statute. *See* Appellant's App. p. 11.

2

Curtis was represented by the same attorney in both proceedings. In February 2011, Curtis pleaded guilty to one count of fraud, the State dismissed the remaining charges, and the trial court entered judgment as a misdemeanor. The State then filed a motion for summary judgment in the forfeiture action. In April 2011, the trial court granted the State's motion and ordered the truck forfeited. On the same day the forfeiture order was issued, Curtis filed a Memorandum of Law in Support of the Motion to Dismiss the State Law Claim of Forfeiture, which argued that the fraud underlying the forfeiture action was preempted by federal copyright law and was not pleaded with specificity. It is unclear whether the memorandum was filed before or after the trial court issued its order of forfeiture. In any event, the chronological case summary does not indicate that Curtis ever filed a motion to dismiss.

In January 2012, Curtis filed a pro se Motion to File a Belated Appeal in the forfeiture case. In the motion, Curtis stated that his attorney did not inform him that a final decision had been issued. He also noted that he planned to appeal on the basis that copyright infringement does not constitute theft under *Dowling v. United States*, 473 U.S. 207, 105 S. Ct. 3127, 87 L. Ed. 2d 152 (1985). The trial court took no action on the motion.

In March 2012, Curtis filed a Motion for Relief from Judgment Pursuant to Trial Rule 60(B)(1), (3), or (8). In the motion, Curtis again stated that his attorney did not notify him of the forfeiture order and again challenged the forfeiture on grounds that the pirated movies did not constitute stolen property. Specifically, Curtis cited *Dowling* and argued that "I.C. 34-24-1-1 does not provide for forfeiture of a vehicle for violating I.C.

3

35-43-5-4(10)." Appellant's App. p. 28. The trial court denied the motion without a hearing. Curtis now appeals.

DISCUSSION AND DECISION

Curtis contends that the trial court abused its discretion by denying his Trial Rule 60(B) motion for relief from judgment. The burden is on the movant to establish grounds for Trial Rule 60(B) relief. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010). A 60(B) motion addresses only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. *Id.* A 60(B) motion is addressed to the equitable discretion of the trial court, whose ruling will be disturbed only upon an abuse of that discretion. *Id.* at 740-41. In exercising its discretion, the trial court must balance the alleged injustice suffered by the movant against the interests of the nonmovant and society generally in the finality of litigation. *Mid-West Fed. Sav. Bank v. Epperson*, 579 N.E.2d 124, 129 (Ind. Ct. App. 1991), *trans. denied*.

In his 60(B) motion, Curtis stated that his attorney failed to inform him of the forfeiture order and argued that seizure of his truck was not authorized by the forfeiture statute because the pirated movies he sold did not constitute stolen property. Assuming the truth of his claim that his attorney did not inform him of the final judgment, Curtis may have been unable to file a timely notice of appeal. He did, however, file a motion for a belated appeal, in which he notified the trial court for the first time that his attorney did not inform him of the forfeiture order and argued that the copyright infringement was not theft, but the trial court did not rule on the motion.

4

Regardless, Trial Rule 60(B)(8) provides that a motion for relief from judgment may be granted for "any reason justifying relief from the operation of the judgment." Rule 60(B)(8) allows courts to vacate judgments within the residual power of a court of equity to do justice. *State ex rel. Huppert v. Paschke*, 637 N.E.2d 150, 154 (Ind. Ct. App. 1994). Relief under Rule 60(B)(8) may be invoked only upon a showing of exceptional circumstances justifying extraordinary relief. *Id.* Upon consideration of *Dowling*, cited in Curtis's motion for a belated appeal and again in his motion for relief from judgment, it is apparent that such exceptional circumstances are present here.

In *Dowling*, the defendant was convicted in federal district court of eight counts of violating the National Stolen Property Act, which provides for the imposition of criminal penalties upon any person who transports "in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud." 18 U.S.C. § 2314. The defendant had transported across state lines bootleg records that were manufactured and distributed without the consent of the copyright owners of the musical compositions performed on the records. The Ninth Circuit affirmed the convictions, reasoning that the rights of copyright owners in their protected property were indistinguishable from ownership interests in other types of property.

The Supreme Court of the United States disagreed, noting that "[t]he copyright owner . . . holds no ordinary chattel," *Dowling*, 473 U.S. at 216, and that copyright protection does not accord the copyright owner complete control over all possible uses of his or her work. While an "infringer invades a statutorily defined province guaranteed to

5

the copyright holder alone," the infringer "does not assume physical control over the copyright [or] wholly deprive its owner of its use." *Id.* at 217. The Court thus concluded that "infringement plainly implicates a more complex set of property interests than does run-of-the-mill theft, conversion, or fraud." *Id.* at 218. After discussing the history of the National Stolen Property Act, the history of the criminal infringement provisions of the Copyright Act, and the broad consequences of equating infringement with theft, conversion, and fraud, the Court invoked the rule of lenity to reverse the Ninth Circuit. *Id.* at 228-29.

Here, the forfeiture of Curtis's truck was based on the assumption that the content of the pirated movies sold out of the truck constituted "stolen . . . or converted property." Ind. Code § 34-24-1-1(a)(1)(B). We must disagree. As noted in *Dowling*, "the property rights of a copyright holder have a character distinct from the possessory interest of the owner of simple goods, wares, or merchandise." 473 U.S. at 217 (quotation omitted). Moreover, Section 34-24-1-1(a)(1)(B) clearly allows forfeiture in cases of theft or conversion but says nothing about copyright infringement or even fraud, the crime to which Curtis pleaded guilty. *See Chan v. State*, 969 N.E.2d 619, 621 (Ind. Ct. App. 2012) ("[F]orfeitures are not favored in the law, and statutes authorizing forfeitures are strictly construed.").

The State nonetheless asks us to affirm the trial court on two alternative grounds. First, it argues that Curtis has waived any arguments on appeal for failure to present a cogent argument. In his brief, Curtis argues that the trial court abused its discretion by denying his Rule 60(B) motion and further cites relevant portions of *Dowling*. This is

6

sufficient to avoid waiver. Second, the State argues that Curtis cannot challenge the forfeiture inasmuch as he already pleaded guilty to committing the underlying crime with his truck. The crime to which Curtis pleaded guilty, however, was not theft or conversion, and the forfeiture provision here allows seizure only in cases of stolen or converted property.

As the forfeiture of the truck was not authorized by statute, we conclude that Curtis has established extraordinary circumstances justifying relief.

### CONCLUSION

For the reasons stated, we reverse the trial court's denial of Curtis's Rule 60(B) motion for relief from judgment and remand with instructions to vacate the forfeiture order.

Reversed and remanded with instructions.

ROBB, C.J., and KIRSCH, J., concur.