# FOR PUBLICATION

APPELLANT PRO SE:

**MICHAEL L. CURTIS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE L. ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 01 2013, 8:36 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL L. CURTIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1203-MI-271 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Timothy W. Oakes, Judge
Cause No. 49D13-0912-MI-57586

**April 1, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Following our opinion in *Curtis v. State*, 981 N.E.2d 625 (Ind. Ct. App. 2013), which reversed the trial court's denial of Michael Curtis's motion for relief from judgment and remanded with instructions to vacate the order authorizing forfeiture of his truck, the State petitions for rehearing. We grant rehearing to address the State's argument but still conclude that the trial court abused its discretion by denying Curtis's motion.

Curtis was caught selling pirated movies out of his truck. The State charged him with four counts of Class D felony fraud under Indiana Code section 35-43-5-4(10)(A) (2005), which makes it a crime to "knowingly or intentionally . . . sell[ ] . . . a recording for commercial gain or personal financial gain that does not conspicuously display the true name and address of the manufacturer of the recording." The State also filed a complaint for forfeiture of Curtis's truck under Indiana Code section 34-24-1-1(a)(1)(B) (2009), which allows the seizure of vehicles "if they are used or are intended for use by the person or persons in possession of them to transport or in any manner to facilitate the transportation of . . . [a]ny stolen (IC 35-43-4-2) or converted property (IC 35-43-4-3) if the retail or repurchase value of that property is one hundred dollars ($100) or more."

Curtis pleaded guilty to one count of fraud, the State dismissed the remaining charges, and the trial court entered judgment as a misdemeanor. The State then filed a motion for summary judgment in the forfeiture action. The trial court granted the motion, entering an order authorizing forfeiture of Curtis's truck.

After his motion for a belated appeal was not acted upon by the trial court, Curtis filed a motion for relief from judgment. In the motion, Curtis argued that fraud was not a

crime for which his truck could be forfeited. The trial court denied the motion without a hearing.

On appeal, Curtis claimed that the trial court abused its discretion by denying his motion because copyright infringement, he argued, does not constitute theft. We examined the authority he cited, *Dowling v. United States*, 473 U.S. 207, 105 S. Ct. 3127, 87 L. Ed. 2d 152 (1985), and found it persuasive. In that case, the Supreme Court of the United States reversed a defendant's convictions for interstate transportation of stolen property on the basis that the bootleg records transported did not constitute stolen property. We also rejected the State's argument that Curtis could not challenge the forfeiture because he had already pleaded guilty to committing the underlying crime with his truck. We held, "The crime to which Curtis pleaded guilty, however, was not theft or conversion, and the forfeiture provision here allows seizure only in cases of stolen or converted property." *Curtis*, 981 N.E.2d at 629. We thus reversed the trial court and remanded with instructions to vacate the forfeiture order.

In its petition for rehearing, the State now argues that *Dowling* is not binding and that *Yao v. State*, 975 N.E.2d 1273 (Ind. 2012), mandates a different outcome. We agree that *Dowling*, involving federal statutory interpretation, does not bind us. As for *Yao*, that case involved defendants who were charged in part with theft for selling airsoft gun replicas allegedly violating a firearms manufacturer's trademark on real weapons. There, the Indiana Supreme Court noted that our criminal laws define "property" as "anything of value" and extends to "intangibles," Ind. Code § 35-41-1-23(a) (1983) (now codified at Ind. Code § 35-31.5-2-253(a) (2012)), and thus determined that the trademarks alleged to

3

have been stolen could constitute property depending on the evidence presented at trial. *Yao*, 975 N.E.2d at 1281. After rejecting the defendants' contention that it is categorically impossible to exert unauthorized control over a trademark, the Court held that the trial court did not abuse its discretion by denying the defendants' motion to dismiss the theft charges. *Id.* at 1281-82.

We agree that *Yao* might support the proposition that pirated movies constitute stolen property. However, this does not necessarily answer the forfeiture question. To support a claim for forfeiture of a vehicle, the State must show by a preponderance of the evidence that: (1) the vehicle was within the definition of property subject to seizure under Indiana Code section 34-24-1-1 and (2) a person who has an ownership interest of record in the bureau of motor vehicles knew or had reason to know that the vehicle was being used in the commission of the offense. *See* Ind. Code § 34-24-1-4(a) (2002).

In *Katner v. State*, 655 N.E.2d 345 (Ind. 1995), the trial court ordered the defendant's vehicle forfeited under a different provision of the statute, now codified at Section 34-24-1-1(a)(1)(A)(vii)), allowing forfeiture where the vehicle was used to transport "[a] controlled substance for the purpose of committing, attempting to commit, or conspiring to commit . . . [p]ossession of cocaine."

The Indiana Supreme Court reversed the forfeiture. It determined that the forfeiture provision required the State to show a nexus between the property sought in forfeiture and the underlying offense. *Katner*, 655 N.E.2d at 349. Because the controlled substance transported by the vehicle was only cocaine residue in a container in the

4

driver's pocket, the Court concluded that the State failed to show a nexus between the act of cocaine possession and the use of the vehicle. *Id.*

Although *Katner* specifically examined the forfeiture provision regarding controlled substances, it noted that the relationship between two factual prerequisites necessary for vehicle forfeiture is "the connection between a vehicle's use and the purpose for which it is used." *Id.* at 348. We believe the nexus analysis applies to the forfeiture provision regarding stolen or converted property.

We acknowledge the Indiana Supreme Court's statements that the owner of a vehicle need not be charged or convicted on the underlying offense for forfeiture to occur. *See Serrano v. State*, 946 N.E.2d 1139, 1140 (Ind. 2011); *Katner*, 655 N.E.2d at 348. Indeed, a person's vehicle may be forfeited even if it was another person who used the vehicle to transport stolen property, so long as the owner of the vehicle knew or had reason to know that the vehicle was being used in that illicit manner. Nevertheless, we find that where the underlying offense actually charged is, as here, fraud (knowingly or intentionally selling a recording for commercial gain or personal financial gain that does not conspicuously display the true name and address of the manufacturer of the recording) and not theft (knowingly or intentionally exerting unauthorized control over another person's property with intent to deprive that person of any part of its value or use) or conversion (knowingly or intentionally exerting unauthorized control over another person's property), there is no predicate for forfeiture.

We therefore affirm our original disposition.

ROBB, C.J., and KIRSCH, J., concur.

5