**FOR PUBLICATION**



**FILED**
Mar 25 2014, 9:53 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT, PRO SE:

**VICTOR HUGO MESA**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VICTOR HUGO MESA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 36A01-1308-MI-362 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JACKSON CIRCUIT COURT
The Honorable William E. Vance, Judge
Cause No. 36C01-1111-MI-38

**March 25, 2014**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Victor Hugo Mesa ("Mesa"), pro se, appeals the trial court's order granting summary judgment to the State of Indiana, the Office of the Jackson County Prosecuting Attorney, and the Seymour Police Department (collectively, "the State") on the State's complaint for forfeiture, which alleged that Mesa's vehicle was purchased with proceeds from cocaine dealing.

We affirm.

## ISSUE

Whether the trial court erred by ordering forfeiture of Mesa's vehicle pursuant to a summary judgment motion and without a hearing.

## FACTS

On November 7, 2011, the State filed a complaint for forfeiture, pursuant to Indiana Code chapter 34-24-1, against Mesa, seeking forfeiture of his 2004 yellow Hummer ("the vehicle") based on the allegation that the vehicle was "traceable as proceeds of the violation of a criminal statute" and was "property that [was] the object of a corrupt business influence violation." (App. 61). Thirty days later, Mesa, by counsel, filed an answer and denied the State's allegations.

On January 23, 2012, the State filed a motion for default judgment, claiming that more than twenty days had passed since Mesa had been served with the complaint and alleging that Mesa had "failed to plead or otherwise comply with the Indiana Rule[s] of Trial Procedure." (App. 44, 46). The State attached affidavits and exhibits to its motion for default judgment to support its argument that it was entitled to forfeiture of the

2

vehicle. On February 8, 2012, the trial court denied the State's default judgment motion, specifically noting that Mesa had filed an answer on December 7, 2011.

On March 20, 2013—after more than a year had passed with no activity in the case—the trial court, on its own motion, ordered the State, pursuant to Trial Rule 41(E), to show cause within thirty days why the State's case should not be dismissed for lack of prosecution. Specifically, the trial court instructed the State to file its response in writing and warned that the State's failure to respond within thirty days would result in dismissal of its case.

On April 18, 2013, the State responded to the trial court's order by filing a motion for summary judgment. In its motion, the State argued that there were no genuine issues of material fact and that it was entitled to forfeiture of the vehicle. In support of its motion, the State designated, among other things, the affidavits and exhibits attached to its motion for default judgment. One of the affidavits was from a confidential informant, Evelyn Contreras Perez ("Perez"), who averred that "[w]hile [she] was buying cocaine from Mesa, he told [her] that he sells six to seven ounces of cocaine each week, and that he paid for his Yellow Hummer with money from doing business, which [she] understood in the context of [their] conversation as selling cocaine." (App. 53). In her affidavit, Perez also stated that Mesa asked her "to invest in buying a kilo of cocaine with him, and he told [her] that he would put up his title as collateral for his half of the kilo of cocaine." (App. 53). Another affidavit, from Seymour Police Officer Carl Lamb ("Officer Lamb"), asserted that the officer was familiar with Mesa through personal contact and drug investigations and that he had been informed that Mesa had been dealing cocaine for five

3

to six years. (App. 52). Officer Lamb's affidavit also provided that Mesa had "paid in full a loan" on the vehicle in October 2010 and that the title to the vehicle showed that Mesa owned the vehicle. (App. 52).

Thereafter, on May 6, 2013, Mesa filed a pro se response to the State's summary judgment motion. In his motion, Mesa requested the trial court to dismiss the forfeiture proceedings under Trial Rule 41(E) because "the State took no action in this case for more than 390 days" and because the State "did not explain the reason for said lack of prosecution even after [it had] been ordered to do so by this Court[.]" (App. 31). Mesa stated that the "only allegation which could entitle [the State] to prevail in these forfeiture proceedings" was Perez's affidavit. (App. 31). In his response, Mesa challenged the impartiality of Perez and the interpretation the "doing business" statements in her affidavit. Mesa did not designate any evidence to show that there was a genuine issue of material fact precluding the entry of summary judgment. Mesa requested "an evidentiary hearing pursuant to Ind. Code § 34-24-1-4" and that the trial court make findings of fact and conclusions of law pursuant to Trial Rule 52. (App. 34).

On June 10, 2013, the trial court entered an order granting the State's summary judgment motion without Mesa's requested hearing. The trial court found that the "designated evidentiary matter show[ed] that there [was] no genuine issue as to any material fact" and that the State was "entitled to judgment as a matter of law." (App. 27). Thus, the trial court ordered that Mesa's ownership interest in the vehicle was forfeited.

On June 24, 2013, Mesa, pro se, filed a motion to correct error, a motion to proceed in forma pauperis, and a motion to stay disposition of property. In his motion to

4

correct error, Mesa argued that: (1) the trial court's Trial Rule 52 findings were inadequate because they did not provide an explanation for granting summary judgment in favor of the State; (2) the trial court erred by failing to hold a hearing addressing dismissal of the State's case under Trial Rule 41(E); (3) the trial court erred by failing to hold a hearing, pursuant to Indiana Code § 34-24-1-4, prior to ordering forfeiture of the vehicle; (4) the trial court erred by granting summary judgment because Mesa had showed that material facts were in dispute and because the State did not designate any evidence to support the averments in Perez's affidavit; (5) summary judgment was generally not appropriate in a forfeiture proceeding.

On July 3, 2013, the trial court granted Mesa's motion to proceed in forma pauperis. The trial court did not rule on Mesa's motion to correct error; thus, it was deemed denied. Mesa now appeals.

## DECISION

Mesa appeals the trial court's grant of summary judgment to the State in this forfeiture action.

Before turning to our standard of review, we note that "[c]ivil forfeiture is a device, a legal fiction, authorizing legal action against inanimate objects for participation in alleged criminal activity, regardless of whether the property owner is proven guilty of a crime—or even charged with a crime." *Serrano v. State*, 946 N.E.2d 1139, 1140 (Ind. 2011). "To obtain the right to dispose of property, use the property, or recover law enforcement costs the State must demonstrate by a preponderance of the evidence that the property was subject to seizure." *Id.* at 1142-43 (citing Ind. Code § 34–24–1–4(a)).

5

When reviewing a trial court's order granting summary judgment, we apply the same standard as that used in the trial court. *Kopczynski v. Barger*, 887 N.E.2d 928, 930 (Ind. 2008). Summary judgment is appropriate only where the designated evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). The moving party "bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 637 (Ind. 2012). If the moving party meets this burden, then the non-moving party must designate evidence demonstrating a genuine issue of material fact. *Id.* "[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Ind. Trial Rule 56(E). A trial court's grant of summary judgment is "'clothed with a presumption of validity,'" and an appellant has the burden of demonstrating that the grant of summary judgment was erroneous. *Williams v. Tharp*, 914 N.E.2d 756, 762 (Ind. 2009) (quoting *Rosi v. Bus. Furniture Corp.*, 615 N.E.2d 431, 434 (Ind. 1993)).

Mesa raises a variety of procedural arguments in relation to the trial court's entry of its order granting summary judgment to the State. Specifically, Mesa argues that: (1) the trial court failed to make special findings of fact and conclusions of law pursuant to Trial Rule 52; (2) the trial court was required, pursuant to Trial Rule 41(E), to hold a hearing for the purpose of dismissing this case; and (3) a forfeiture judgment cannot be entered pursuant to a Trial Rule 56 summary judgment motion. Mesa then makes a

6

substantive argument, contending that—even if summary judgment is permissible in a forfeiture action—it was erroneously entered in this case because there were material facts at issue.

1. Trial Rule 52

Turning to Mesa's argument that the court erred by not entering specific findings and conclusions pursuant to his request for special findings under Trial Rule 52(A), we note that Trial Rule 52(A) provides that "[f]indings of fact are unnecessary on decisions of motions Rules 12 or 56[.]" Also, Trial Rule 52 "applies where issues are 'tried upon the facts without a jury'" and not where a trial court enters summary judgment based upon designated evidence. *Knowledge A-Z, Inc. v. Sentry Ins.*, 891 N.E.2d 581, 585 (Ind. Ct. App. 2008) (quoting T.R. 52(A)), *trans. denied*. Here—where the trial court entered summary judgment under Trial Rule 56 based on the designated evidence—specific findings and conclusions were not necessary. *See id.*; *see also Highland Springs South Homeowners Ass'n, Inc. v. Reinstatler*, 907 N.E.2d 1067, 1072 n.3 (Ind. Ct. App. 2009), *trans. denied*; *Charles T. Hyte Cmty. Ctr. Ass'n of Terre Haute, Inc. v. City of Terre Haute Park Bd.*, 883 N.E.2d 1183, 1188 (Ind. Ct. App. 2008), *trans. denied*. Accordingly, the trial court did not err in regard to its order.

2. Trial Rule 41(E)

Mesa also argues that the trial court erred by not holding a hearing pursuant to Trial Rule 41(E). This argument is also without merit. Trial Rule 41(E) provides:

> **(E) Failure to prosecute civil actions or comply with rules.** Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on

7

motion of a party or on its own motion *shall order a hearing for the purpose of dismissing such case*. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

(Emphasis added).

Here, after the trial court ordered the State to show cause why its case should not be dismissed for lack of prosecution, the State responded to that order by filing a motion for summary judgment. The trial court then entered final judgment in the case by granting summary judgment to the State.[1]

Trial Rule 41(E) makes clear that the trial court is required to hold a hearing if it dismisses a case pursuant to Trial Rule 41(E). Here, however, the trial court did not dismiss this forfeiture case pursuant to Trial Rule 41(E). Because the trial court entered final judgment by granting summary judgment, we conclude the trial court did not err by not holding a hearing pursuant to Trial Rule 41(E).

3. Trial Rule 56

---

[1] The record before us indicates that the State responded to the trial court's show cause order with its summary judgment motion only and not with a specific response addressing its lack or delay of prosecution. The trial court's decision to withhold dismissal upon the State's filing of its summary judgment motion was within the trial court's discretion. *See* Ind. Trial Rule 41(E) (explaining that "[d]ismissal may be withheld . . . subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution"); *Deutsche Bank Nat. Trust Co. v. Harris*, 985 N.E.2d 804, 813 (Ind. Ct. App. 2013) (explaining that "[t]he purpose of Trial Rule 41(E) is 'to ensure that plaintiffs will diligently pursue their claims' and to provide 'an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution'") (quoting *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*).

8

Next, we address Mesa's argument that a forfeiture judgment cannot be entered pursuant to a Trial Rule 56 summary judgment motion without a hearing. Mesa contends that the forfeiture statutes do not allow a forfeiture judgment to be entered pursuant to summary judgment and that the forfeiture statutes require the trial court to hold a hearing before it can order disposition or forfeiture of any property subject to seizure. Specifically, Mesa points to Indiana Code § 34-24-1-4,[2] which provides:

> At the hearing, the prosecuting attorney must show by a preponderance of the evidence that the property was within the definition of property subject to seizure under section 1 of this chapter. If the property seized was a vehicle, the prosecuting attorney must also show by a preponderance of the evidence that a person who has an ownership interest of record in the bureau of motor vehicles knew or had reason to know that the vehicle was being used in the commission of the offense.

Ind. Code § 34-24-1-4(a). Mesa focuses on the "at the hearing" language of this statute and argues that this language precluded forfeiture pursuant to a summary judgment motion and required the trial court to hold a hearing wherein the State could meet its burden of proof. Mesa contends the trial court's failure to hold a hearing relieved the State of its obligation of meeting its burden of proof in the forfeiture proceeding.

The interpretation of a statute is a question of law reserved for the courts. *Reemer v. State*, 835 N.E.2d 1005, 1010 (Ind. 2005); *One 1968 Buick, 4 Door v. State*, 638 N.E.2d 1313, 1316 (Ind. Ct. App. 1994). "Words and phrases in a single section are construed together with the other parts of the same section and with the statute as a whole, in order that the spirit and purpose of the statute is carried out." *Dreiling v. Custom Builders*, 756 N.E.2d 1087, 1089 (Ind. Ct. App. 2001).

---

[2] Mesa cited to Indiana Code § 34-24-1-3 but discussed the text of Indiana Code § 34-24-1-4. Therefore, we presume he intended to cite to Indiana Code § 34-24-1-4.

Although Indiana Code § 34-24-1-4(a) references a "hearing," the main focus of subsection (a) is the explanation of the State's burden of proof in a forfeiture action. Indeed, our Indiana Supreme Court has discussed the relevance of this statutory provision and explained its language makes "evident" the "Legislature's intent to apply the civil burden of proof in forfeiture proceedings[.]" *Katner v. State*, 655 N.E.2d 345, 348 (Ind. 1995) (discussing the prior version of Indiana Code § 34-24-1-4(a)). Additionally, our Court has explained that this "seizure of property statute provides the State with a quick procedure which is both broad in scope and profitable to the State" and that this statute specifies that "the State needs only to prove its case by a preponderance of the evidence." *One 1968 Buick, 4 Door*, 638 N.E.2d at 1317 (discussing the prior version of Indiana Code § 34-24-1-4(a)).

Furthermore, when looking to other sections of the forfeiture statute, it is clear the Indiana Trial Rules, which include the applicability of summary judgment, apply to a forfeiture proceeding. Indeed, Indiana Code § 34-24-1-3 specifically refers to the applicability of the Indiana Trial Rules in a forfeiture action. More precisely, under Indiana Code § 34-24-1-3, a prosecuting attorney must file a complaint to commence a forfeiture action and "serve, under the Indiana Rules of Trial Procedure, a copy of the complaint upon each person whose right, tittle, or interest is of record" in the property sought to be seized. I.C. § 34-24-1-3(b). Moreover, Indiana Trial Rule 1 provides:

> Except as otherwise provided, these rules govern the procedure and practice in all courts of the state of Indiana *in all suits of a civil nature* whether cognizable as cases at law, in equity, or of statutory origin. They shall be construed to secure the just, speedy and inexpensive determination of every action.

(Emphasis added). Forfeiture actions are "properly classified as civil in nature." *Katner*, 655 N.E.2d at 347. Therefore, forfeiture actions are governed by the Indiana Trial Rules, including the applicability of summary judgment under Trial Rule 56.

Having found that the Indiana Trial Rules apply to forfeiture proceedings, a question still remains as to whether a hearing pursuant to Trial Rule 56 was required before summary judgment was entered. On April 18, 2013, the State filed and supported its motion for summary judgment by designating certain evidence. Trial Rule 56 required Mesa to respond within thirty days by "(1) filing affidavits showing issues of material fact, (2) filing an affidavit showing why the facts necessary to justify his opposition are unavailable, or (3) requesting an extension of time in which to file his response." *Boczar v. Reuben*, 742 N.E.2d 1010 (Ind. Ct. App. 2001), *reh'g denied*. Mesa is not permitted to "rest upon the mere allegations or denials of his pleading." T.R. 56(E). When the nonmoving party (Mesa) fails to respond or designate evidence within thirty days, and the moving party (the State) has shown that it is entitled to summary judgment, the trial court is obligated to enter summary judgment against the nonmoving party (Mesa), with or without a hearing. T.R. 56(C) ("The trial court *may* conduct a hearing on the motion.") (emphasis added).

However, a trial court is required to conduct a summary judgment hearing when a party requests a hearing "no later than ten (10) days after the response was filed or was due, . . . ." T.R. 56(C). Further, that hearing must be held "not less than ten (10) days after the time for filing the response." T.R. 56(C). Prejudice is presumed when a trial

11

court fails to follow the mandates within Trial Rule 56 regarding the scheduling of a time for a hearing. *Otte v. Tessman*, 426 N.E.2d 660, 661 (Ind. 1981). We note that since our Supreme Court issued its opinion in *Otte*, Trial Rule 56 was amended by adding section (I), which states, "For cause found, the Court may alter any time limit set forth in this rule *upon motion made within the applicable time limit*." (emphasis added). However, neither party requested an extension. As a result, the words of Judge Staton, adopted by our Supreme Court, continue to ring true:

> If the failure to obey the clear explicit dictates of the Indiana Rules of [Trial] Procedure can be simply dismissed as harmless error, then, the erosion of an orderly judicial system has begun. If the clear, explicit meaning of the Indiana Rules of [Trial] Procedure can be re-written by judicial opinion to avoid the consequence of violation, then, the shroud of confusion will prevent any meaningful, just and predictable solution to those disputes which must be resolved in our courts.

*Otte*, 426 N.E.2d at 662.

In this case, Mesa timely filed a response to the State's motion for summary judgment. However, Mesa requested an "*evidentiary* hearing pursuant to Ind. Code § 34-24-1-4 . . . ." (App. 34) (emphasis added). It is well settled that a summary judgment hearing is not a trial. *American State Ins. Co. v. State ex rel. Jennings*, 152 Ind. App. 422, 429, 284 N.E.2d 873, 877 (Ind. Ct. App. 1972). "Our decisions construing [Trial Rule 56] and its predecessor statute make it clear that the purpose of the summary judgment provision is not to evade jury trials or have the judge weigh the evidence to determine where the [preponderance of the evidence] lies in advance of its being presented." *Letson v. Lowmaster*, 168 Ind. App. 159, 161, 341 N.E.2d 785, 787 (Ind. Ct. App. 1976). Summary judgment terminates those cases where there are no factual

12

disputes and judgment can be determined as a matter of law; it also eliminates undue burdens upon the litigants and exposes spurious cases. *Jones v. City of Logansport*, 436 N.E.2d 1138, 1143 (Ind. Ct. App. 1982), *reh'g denied*. It is clear from the record that Mesa was not requesting a summary judgment hearing, but a trial on the merits regarding the forfeiture complaint that had been filed by the State. Because Mesa did not request a summary judgment hearing as contemplated by Trial Rule 56, the trial court did not err by granting summary judgment for the State without a hearing.

Mesa also argues that summary judgment is not permissible in a forfeiture action because he "has not found a single case where this Court or the Indiana Supreme Court [has] upheld the grant of summary judgment in favor of the State in a forfeiture case." (Mesa's Br. 6).

The State cites to *Sargent v. State*, 985 N.E.2d 1108 (Ind. Ct. App. 2013), *reh'g denied*, *trans. granted*, as an example of a forfeiture case decided pursuant to a summary judgment motion and affirmed on appeal. We note, however, that our Indiana Supreme Court granted transfer in *Sargent* on December 6, 2013. The Indiana Supreme Court has not issued an opinion in *Sargent*, which is set for oral argument on March 20, 2014.

Nevertheless, aside from *Sargent*, there are other cases in which a judgment was entered in a forfeiture action pursuant to a summary judgment motion, and these cases make no mention of summary judgment being impermissible in a forfeiture action. *See Curtis v. State*, 981 N.E.2d 625 (Ind. Ct. App. 2013) (indicating in the facts that the trial court granted the State's summary judgment in a forfeiture proceeding), *aff'd on reh'g*, 987 N.E.2d 523 (Ind. Ct. App. 2013); *Ivy v. State*, 847 N.E.2d 963 (Ind. Ct. App. 2006)

13

(reversing the grant of summary judgment in a forfeiture action based on the State's failure to meet its burden on summary judgment and not on the premise that summary judgment was impermissible in a forfeiture action).

In his reply brief, Mesa "concedes that a few rare cases of forfeiture may be decided by summary judgment when no material facts in dispute *exist* and only questions of law remain." (Mesa's Reply Br. 3). Thus, Mesa's argument that summary judgment in a forfeiture action is impermissible based on the lack of appellate cases discussing forfeiture in a summary judgment context is without merit.

Lastly, Mesa contends that, even if summary judgment is permissible in forfeiture cases, the trial court's grant of summary judgment to the State was erroneous. Mesa argues that the trial court erred by granting summary judgment because there were material facts in dispute regarding whether the vehicle was seizable under Indiana Code § 34-24-1-1.[3]

To support a claim for forfeiture of a vehicle, the State must show by a preponderance of the evidence that: (1) the vehicle was within the definition of property

---

[3] In his appellate brief, Mesa also contends that there were questions of fact regarding whether there was a "nexus between Mesa's vehicle and an enumerated offense under Ind. Code § 34-4-30.1-1." (Mesa's Br. 6). However, Indiana Code § 34-4-30.1-1 was repealed in 1998 and replaced by Indiana Code § 34-24-1-1. *See $100 v. State*, 822 N.E.2d 1001, 1009 (Ind. Ct. App. 2005), *trans. denied*. Furthermore, our Indiana Supreme Court explained that the requirement that the State show a "nexus" or show "that the property sought in forfeiture was used 'for the purpose of committing, attempting to commit, or conspiring to commit" an enumerated offense under [the prior version of Ind. Code § 34-24-1-1]" applied specifically to the State's attempt to forfeit a vehicle under the prior version of Indiana Code § 34-24-1-1(a)(1)(a). *Katner*, 655 N.E.2d at 349 (explaining that the nexus requirement applied to "the portion of our [forfeiture] statute which we examine today"). *But see Curtis*, 987 N.E.2d at 524 (recognizing that the *Katner* nexus requirement applied to Indiana Code § 34-24-1-1(a)(1)(A) and extending the nexus analysis to Indiana Code § 34-24-1-1(a)(1)(B), the forfeiture provision regarding stolen or converted property).

subject to seizure under Indiana Code § 34–24–1–1; and (2) a person who has an ownership interest of record in the bureau of motor vehicles knew or had reason to know that the vehicle was being used in the commission of the offense. *Curtis*, 987 N.E.2d at 524 (citing I.C. § 34–24–1–4(a)).[4]

Here, the State alleged in its forfeiture complaint that Mesa's vehicle was subject to seizure under Indiana Code §§ 34–24–1–1(a)(3) and (a)(8), which provide that "[a]ny portion of real or personal property purchased with money that is traceable as a proceed of a violation of a criminal statute" or "[p]roperty (as defined by IC 35-31.5-2-253) . . . that is the object of a corrupt business influence violation (IC 35-45-6-2)" may be seized in a forfeiture proceeding. I.C. §§ 34-24-1-1(a)(3), (a)(8).[5]

As part of its designated evidence, the State included an affidavit from a confidential informant, Perez, who swore that "[w]hile [she] was buying cocaine from Mesa, he told [her] that he s[old] six to seven ounces of cocaine each week, and that he paid for his Yellow Hummer with money from doing business, which [she] understood in the context of [their] conversation as selling cocaine." (App. 53). The State also designated an affidavit from Officer Lamb to confirm that Mesa's title showed that he

---

[4] Mesa does not dispute that he had an ownership interest in the vehicle and knew or had reason to know that the vehicle was being used in the commission of an offense.

[5] A person commits corrupt business influence if he "knowingly or intentionally received any proceeds directly or indirectly derived from a pattern of racketeering activity, and who uses or invests those proceeds or the proceeds derived from them to acquire an interest in property . . . ." I.C. § 35-45-6-2(1). A "Racketeering activity" means "to commit, to attempt to commit, to conspire to commit a violation of, or aiding and abetting in a violation of" dealing in cocaine. I.C. § 35-45-6-1(e)(28).

owned the vehicle. Thus, the State designated evidence to show that the vehicle was subject to seizure under Indiana Code § 34–24–1–1(a)(3).[6]

Mesa does not dispute that Perez's affidavit contains statements showing that vehicle was seizable under Indiana Code § 34-24-1-1. Instead, he challenges the credibility of Perez's affidavit and contends that the statements needed to be supported by additional evidence. However, once the State met its burden on summary judgment, the burden shifted to Mesa to show that there was a genuine issue of material fact. Mesa filed a response to the State's summary judgment motion, but he did not file any affidavits or otherwise designate any evidence to show that there were genuine issues of material fact. Indeed, he did not deny that he made such a statement to Perez. Instead, he merely questioned the impartiality of Perez and the interpretation the "doing business" statements in her affidavit. However, "an adverse party may not rest upon the mere allegations or denials of his pleading, but *his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.*" Ind. Trial Rule 56(E) (emphasis added). Furthermore, if the nonmovant or adverse party "does not so respond, summary judgment, if appropriate, shall be entered against him." *Id. See also Mahan v. Am. Standard Ins. Co.*, 862 N.E.2d 669, 676 (Ind. Ct. App. 2007) ("If the nonmovant fails to meet his burden, and the law is with the movant, summary judgment should be granted."), *trans. denied.*

Because Mesa did not (1) properly request a summary judgment hearing, or (2) designate any evidence to show that there was a genuine issue of material fact regarding

---

[6] Because the State's designated evidence showed that the vehicle was seizable under Indiana Code § 34–24–1–1(a)(3), we need not review whether it was seizable under Indiana Code § 34–24–1–1(a)(8).

16

whether the vehicle was seizable under Indiana Code § 34–24–1–1(a)(3), the trial court did not err by granting summary judgment to the State.

Affirmed.

MATHIAS, J., concurs with opinion.

BRADFORD, J., concurs.

# IN THE
# COURT OF APPEALS OF INDIANA

VICTOR HUGO MESA,           )
                                  )
      Appellant-Defendant,      )
                                  )
        vs.                      )      No. 36A01-1308-MI-362
                                  )
STATE OF INDIANA,        )
                                  )
      Appellee-Plaintiff.       )

**MATHIAS, Judge concurring**

I concur with the majority's conclusion that Mesa was not entitled to a hearing in the State's forfeiture action, but I write separately to emphasize that Mesa's complete failure to designate any evidence to contradict that designated by the State in its motion for summary judgment negated any reason for a hearing.

Mesa claims that the trial court was required to hold an evidentiary hearing pursuant to Indiana Code section 34-24-1-4. But it is well established that a forfeiture proceeding is a civil action, see Katner v. State, 655 N.E.2d 345, 347 (Ind. 1995) (citing Caudill v. State, 613 N.E.2d 433, 437 (Ind. Ct. App. 1993)), and is therefore governed by the Indiana Trial Rules. See Ind. Trial Rule 1.

Thus, when the State filed a motion for summary judgment with supporting affidavits pursuant to Trial Rule 56, it was incumbent upon Mesa to respond to this motion with opposing affidavits or other designated evidence within the time allotted by

18

rule or risk summary judgment being granted in favor of the State if the State's designated evidence revealed that it was entitled to judgment as a matter of law. See Murphy v. Curtis, 930 N.E.2d 1228, 1233-34 (Ind. Ct. App. 2010), trans. denied. But Mesa did not do this.

Instead, he simply filed a responsive argument with the trial court attacking the credibility of the State's affiants and claiming a right to an evidentiary hearing under the forfeiture statutes. However, Mesa is not entitled to an *evidentiary* hearing in proceedings on a motion for summary judgment. Under Trial Rule 56, a party may request a hearing that considers whether the evidence designated by the parties causes a genuine issue of material fact to remain, but a party may not simply argue the credibility of an opposing affiant. See F.W. Means & Co. v. Carstens, 428 N.E.2d 251, 258 (Ind. Ct. App. 1981) (noting that summary judgment hearing is not a trial); see also Bushong v. Williamson, 790 N.E.2d 467, 474 (Ind. 2003) ("The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law.").

Here, the State's designated evidence was sufficient to establish *prima facie* that the State was entitled to judgment as a matter of law. When Mesa failed to designate any evidence *at all* contrary to the State's designated evidence, there were no conflicting interpretations of factual issues remaining to be considered at a hearing. Simply said, there was no reason that a hearing was required; when Mesa designated no evidence to dispute that designated by the State, his timely written response that questioned the credibility of the State's affiant was all that he was entitled to. See Boczar v. Reuben,

19

742 N.E.2d 1010, 1018 (Ind. Ct. App. 2001) (holding that party was not entitled to separate summary judgment hearing on issue on which it failed to designate any evidence).

Moreover, even if Mesa were correct that the forfeiture statute required an evidentiary hearing, this would be in conflict with the summary judgment procedures set forth in Trial Rule 56. And it is well settled that, if a statute conflicts with the Trial Rules, the Trial Rules take precedence. Bowyer v. Ind. Dep.t of Natural Res., 798 N.E.2d 912, 916 (Ind. Ct. App. 2003).

Accordingly, I concur with the majority that Mesa was not entitled to an evidentiary hearing.