## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2019, 10:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Timothy E. Huffman
Branchville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy E. Huffman, Jr.,
$15,711.48 in Lawful United States Currency,

*Appellant-Petitioner,*

v.

State of Indiana, ex rel. Evansville-Vanderburgh County Drug Task Force (15-66385),

*Appellee-Respondent.*

February 28, 2019

Court of Appeals Case No. 18A-MI-1602

Appeal from the Vanderburgh Circuit Court

The Honorable David D. Kiely, Judge

Trial Court Cause No. 82C01-1512-MI-6275

**Pyle, Judge.**

# Statement of the Case

[1] Timothy E. Huffman ("Huffman"), *pro se*, appeals the denial of his petition for permission to file a belated notice of appeal. He argues that the trial court abused its discretion when it denied his petition. Finding no abuse of the trial court's discretion, we affirm the denial of Huffman's petition.[1]

[2] We affirm.

# Issue

> Whether the trial court abused its discretion in denying Huffman's petition for permission to file a belated notice of appeal.

# Facts

[3] In December 2015, the State filed a complaint for forfeiture that alleged Huffman had been arrested for dealing methamphetamine, possession of a firearm by a serious violent felon, resisting law enforcement with a weapon, and possession of marijuana. At the time of the arrest, $15,711.48 had been found on or near Huffman. The complaint alleged that the money was subject to forfeiture pursuant to statute. In September 2017, the trial court issued an agreed judgment entry, which provided that the State and Huffman, by counsel, had agreed that Huffman would forfeit $14,711.48 to the State and that the

---

[1] Because we affirm the trial court's denial of Huffman's petition for permission to file a belated appeal, we do not address the substantive issue that Huffman attempts to raise.

State would return $1,000.00 to Huffman's counsel. In June 2018, Huffman filed a petition for permission to file a belated appeal pursuant to Post-Conviction Rule 2(1). The trial court denied the petition, and Huffman now appeals.

## Decision

[4] At the outset, we note that Huffman proceeds *pro se*. A litigant who proceeds *pro se* is held to the same rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[5] We now to turn to Huffman's argument that the trial court abused its discretion in denying his petition for permission to file a belated appeal. Huffman filed his petition pursuant to Post-Conviction Rule 2(1), which provides, in relevant part, that an "eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence." Post-Conviction Rule 2 defines an "eligible defendant" as "a defendant who, but for the defendant's failure to do so timely,

would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty[.]"

[6] Here, however, Huffman was not convicted after a trial or a plea of guilty and he was not attempting to challenge on direct appeal a conviction or sentence. Rather, Huffman was attempting to challenge an agreed judgment order in a forfeiture action, which is civil in nature. *See Mesa v. State*, 5 N.E.3d 488, 494 (Ind. Ct. App. 2014), *trans. denied*. Huffman is simply not an eligible defendant as contemplated by Post-Conviction Rule 2(1), and a belated notice of appeal is not available to him. Accordingly, the trial court did not abuse its discretion in denying his petition to file a belated notice of appeal.[2]

[7] Affirmed.

[8] Najam, J., and Altice, J., concur.

---

[2] We further note that Huffman's reliance on *Curtis v. State*, 981 N.E.2d 625 (Ind. Ct. App. 2013), is misplaced because *Curtis* concerned the trial court's denial of a Trial Rule 60(B) motion, which Huffman has not filed. In addition, Huffman has failed to set forth any "extraordinarily compelling reasons" to restore his right of appeal from the agreed judgment order. *See In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014).